Case 1:21-cv-02054-RLY-DML   Document 1-021CT-004455 16/21   Page 1 of 100 PageID #: 55   Filed: 2/2/2018 1:41 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

Marion Superior Court, Civil Division 2

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| GARRETT HOLLAND | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NOBLE TRANSPORT, LLC | ) |

## COMPLAINT

Plaintiff, Garrett Holland, ("Holland") by counsel, for his Complaint against Noble Transport, LLC, states:

1.     Holland is a resident of Marion County, State of Indiana, and a citizen of Indiana.

2.     Noble Transport, LLC, is a limited liability company with its principal place of business at 8727 W. Bryn Mawr Ave., Apt. 706, Chicago, IL.

3.     On February 7, 2016, Holland was driving a vehicle in a southerly direction on I-65 near the 121.8 mile marker in Marion County, Indiana.

4.     At said time and place, a commercial vehicle leased to Noble Transport, LLC ("the Noble Transport truck"), being driven by Iordan Velkov ("Velkov"), was also traveling in a southerly direction on I-65 near the 121.8 mile marker in Marion County, Indiana.

5.     At said time and place, Velkov lost control of the Noble Transport truck and the trailer he was hauling struck the vehicle being driven by Holland.

6.     Velkov was in the course and scope of his employment with Noble Transport, LLC at the time of the collision.

7.     Velkov was acting as the agent of Noble Transport, LLC at the time of the collision.

8.     The Noble Transport truck operated by Velkov was under the control and/or dispatch of Noble Transport, LLC at the time of the collision.

9.     Velkov acted in a negligent and careless manner which caused the collision at issue.

10.     Noble Transport, LLC is liable for Velkov's actions at the time of the collision.

11.     As a result of the collision, Garrett Holland suffered serious personal injuries, physical and psychological, which are continuing in nature and which may be permanent, and has endured medical treatment and incurred medical expenses as a result of his injuries.

WHEREFORE, Plaintiff, Garrett Holland, by counsel, prays for judgment in his favor and against Noble Transport, LLC in an amount sufficient to reimburse him for his injuries, his expenses, his pain and suffering, and for all other relief proper in the premises.

Respectfully submitted,

*/s/ Steven D. Groth*
Ronald E. Elberger (Atty. No. 6675-49)
Steven D. Groth (Atty. No. 17643-71)

Attorney for Plaintiff, Garrett Holland

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
317-684-5000
317-684-5173 fax
relberger@boselaw.com
sgroth@boselaw.com

3329453/7373.20

Case 1:21-cv-02054-RLY-DML   Document 18-1   CT-004455   Page 3 of 100 PageID   Filed: 2/2/2018 1:41 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

Marion Superior Court, Civil Division 2

STATE OF INDIANA ) IN THE MARION <sub>SUPERIOR/</sub><sup>CIRCUIT</sup> COURT
) SS:
COUNTY OF MARION ) CAUSE NO. _____

GARRETT HOLLAND )
)
         Plaintiff, )
)
  v. )
)
NOBLE TRANSPORT, LLC )

---

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.     The party on whose behalf this form is being filed is:

    Initiating _XX_            Responding _    Intervening _____ ; and
    the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party:  **GARRETT HOLLAND** _____
    Address of party  *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*
    _____
    Telephone # of party _____
    *(List on a continuation page additional parties this attorney represents in this case.)*

2.     Attorney information for service as required by Trial Rule 5(B)(2)

    Ronald E. Elberger              Attorney No. 6675-49
    Steven D. Groth                 Attorney No. 17643-71
    BOSE MCKINNEY & EVANS LLP    Phone: (317) 684-5000
    111 Monument Circle, Suite 2700    Fax: (317) 684-5173
    Indianapolis, IN 46204          Computer Address:
                                   relberger@boselaw.com
                                   sgroth@boselaw.com

**IMPORTANT**: Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.     This is an _CT_ case type as defined in administrative Rule 8(B)(3).

4.     This case involves child support issues. Yes _ No _**X**_  *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5.     This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _**X**_ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

_____     Attorney's address
_____     The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us)**.
_____     Another address (provide)

6.     This case involves a petition for involuntary commitment. Yes _____ No _**X**_____

If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

(a)     Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
_____

(b)     State of Residence of person subject to petition: _____

(c)     At least one of the following pieces of identifying information:

(i)     Date of Birth _____

(ii)     Driver's License Number _____
State where issued _____ Expiration date _____

(iii)     State ID number _____
State where issued _____ Expiration date _____

(iv)  FBI number _____

(v)  Indiana Department of Corrections Number
_____

(vi)  Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

7.  There are related cases: Yes _____ No __**X**_____ *(If yes, list on continuation page.)*

8.  Additional information required by local rule:
_____

9.  There are other party members: Yes ___ No ___ *(If yes, list on continuation page.)*

10.  This form has been served on all other parties and Certificate of Service is attached:

Yes___ No _N/A_____

Respectfully submitted,

*/s/ Steven D. Groth*_____
Ronald E. Elberger (Atty. No. 6675-49)
Steven D. Groth (Atty. No. 17643-71)

Attorney for Plaintiff, Garrett Holland

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
317-684-5000
317-684-5173 fax
relberger@boselaw.com
sgroth@boselaw.com

Filed: 2/27/2018 11:17 AM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT NO. 2 |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: 49D02-1802-CT-4455 |

| | |
|---|---|
| GARRETT HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLE TRANSPORT, LLC, | ) |
| | ) |
| Defendant. | ) |

## E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

1.  The party on whose behalf this form is being filed is:  Responding

The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

### NOBLE TRANSPORT, LLC

2.  Attorney information for service as required by Trial Rule 5(B)(2):

James H. Milstone                     Atty. No. #10460-02
KOPKA PINKUS DOLIN PC                 Telephone: 317-818-1360
550 Congressional Blvd., Suite 310    Facsimile:  317-818-1390
Carmel, IN 46032                      Email:  jhmilstone@kopkalaw.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)  certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)  acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)  understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.     This is a civil tort case type as defined in administrative Rule 8(B)(3)

4.     I will accept service by:
       Fax at the above noted number:  NO
       Email at the above noted address:  YES

5.     This case involves child support issues:  NO

6.     This case involves a protection from abuse order, a workplace violence restraining
       order, or a no-contact order:  NO

7.     This case involves a petition for involuntary commitment:  NO

8.     Are there related cases:  NO

9.     Additional information required by local rule:  NONE

10.    Are there other party members:  NO

11.    This form has been served on all other parties and Certificate of Service is
       attached:  YES

                          Respectfully Submitted,

                          KOPKA PINKUS DOLIN PC

                          */s/ James H. Milstone*
                          _____
                          James H. Milstone (#10460-02)
                          Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of February, 2018, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Ronald E. Elberger
relberger@boselaw.com

Steven D. Groth
sgroth@boselaw.com

*/s/ James H. Milstone*
_____

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:     317-818-1360
Facsimile:     317-818-1390

Filed: 2/27/2018 11:17 AM
Myla A. Eldridge
Clerk
Marion County, Indiana

STATE OF INDIANA       )     IN THE MARION SUPERIOR COURT NO. 2
                            ) SS:
COUNTY OF MARION       )     CAUSE NO: 49D02-1802-CT-4455

GARRETT HOLLAND,            )
                               )
      Plaintiff,             )
                               )
         vs.                 )
                               )
NOBLE TRANSPORT, LLC,      )
                               )
      Defendant.          )

## <u>DEFENDANT'S NOTICE OF AUTOMATIC ENLARGEMENT OF TIME</u>

Defendant, Noble Transport, LLC, by counsel, James H. Milstone of Kopka Pinkus Dolin PC, respectfully moves the Court for an automatic enlargement of time to respond to Plaintiff's Complaint, pursuant to Ind. Trial Rule 6(B)(1) and Marion Circuit and Superior Courts Civil Rule 203(D), and states:

1.     That no prior extensions have been requested.

2.     On information and belief, Defendant was notified of Plaintiff's claim on February 5, 2018, and its responsive pleading would be due on February 28, 2018, which has not yet passed.

3.     The date to which said extension of time would automatically extend is March 30, 2018.

4.     That such extension of time is necessary for Defendant's attorney to properly investigate the allegations in the Plaintiff's Complaint in order to adequately respond to the Plaintiff's Complaint.

WHEREFORE, Defendant, Noble Transport, LLC, by counsel, files its Notice of Automatic Enlargement of Time of 30 days, up to and including March 30, 2018.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ James H. Milstone*
_____
James H. Milstone (#10460-02)
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of February, 2018, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Ronald E. Elberger
relberger@boselaw.com

Steven D. Groth
sgroth@boselaw.com

*/s/ James H. Milstone*
_____

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:    317-818-1360
Facsimile:    317-818-1390

2

Filed: 3/30/2018 2:31 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

81625

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT NO. 2 |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: 49D02-1802-CT-4455 |

| | |
|---|---|
| GARRETT HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLE TRANSPORT, LLC, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT NOBLE TRANSPORT, LLC'S ANSWER TO COMPLAINT

Comes now Defendant, Noble Transport, LLC, by counsel, James H. Milstone of Kopka Pinkus Dolin PC, and for its answer to Plaintiff's Complaint, states:

1.     Holland is a resident of Marion County, State of Indiana, and a citizen of Indiana.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint for Damages, and therefore denies same.**

2.     Noble Transport, LLC, is a limited liability company with its principal place of business at 8727 W. Bryn Mawr Ave., Apt. 706, Chicago, IL.

**ANSWER:  Defendant admits that Noble Transport LLC is a limited liability company, and denies the balance of the allegations in Paragraph 2 of Plaintiff's Complaint for Damages.**

3.     On February 7, 2016, Holland was driving a vehicle in a southerly direction on I-65 near the 121.8 mile marker in Marion County, Indiana.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint for Damages, and therefore denies same.**

4.      At said time and place, a commercial vehicle leased to Noble Transport, LLC ("the Noble Transport truck"), being driven by Iordan Velkov ("Velkov"), was also traveling in a southerly direction on I-65 near the 121.8 mile marker in Marion County, Indiana.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint for Damages, and therefore denies same.**

5.      At said time and place, Velkov lost control of the Noble Transport truck and the trailer he was hauling struck the vehicle being driven by Holland.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint for Damages, and therefore denies same.**

6.      Velkov was in the course and scope of his employment with Noble Transport, LLC at the time of the collision.

**ANSWER:  Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint for Damages.**

7.      Velkov was acting as the agent of Noble Transport, LLC at the time of the collision.

**ANSWER:   Defendant admits that Mr. Velkov, who was employed by Angel Transportation, Inc., was driving under the DOT authority of Noble Transport, LLC, and denies the balance of the allegations in Paragraph 7 of Plaintiff's Complaint for Damages.**

2

8.     The Noble Transport truck operated by Velkov was under the control and/or dispatch of Noble Transport, LLC at the time of the collision.

**ANSWER:  Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint for Damages.**

9.     Velkov acted in a negligent and careless manner which caused the collision at issue.

**ANSWER:  Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint for Damages.**

10.     Noble Transport, LLC is liable for Velkov's actions at the time of the collision.

**ANSWER:  Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint for Damages.**

11.     As a result of the collision, Garrett Holland suffered serious personal injuries, physical and psychological, which are continuing in nature and which may be permanent, and has endured medical treatment and incurred medical expenses as a result of his injuries.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint for Damages, and therefore denies same.**

## AFFIRMATIVE DEFENSES

Subject to further discovery, Defendant asserts the following affirmative defenses:

1.     The Complaint fails to state a claim upon which relief can be based.

2.     Plaintiff may have failed to mitigate his damages.

3.     Plaintiff may have failed to exercise due care for his own safety.

4.     Plaintiff may have knowingly and voluntarily assumed and/or incurred the risk of injury to himself.

5.     The Plaintiff may have received or may in the future receive compensation, payments, and/or other types of contribution for their alleged injuries and damages. Any award of damages assessed against the Defendant should be diminished or reduced by the amount of compensation received or to be received by the Plaintiff from other sources.

6.     The fault of Plaintiff is greater than fifty percent (50%) of the total fault involved, and/or is greater than the fault of all persons whose fault proximately contributed to the Plaintiff's alleged damages and, therefore, Plaintiff's action against Defendant is barred pursuant to I.C. 34-51-2-6.

7.     Plaintiff's injuries and damages, if any, were proximately caused, in full or in part, by a "non-party" or "non-parties" who have not been joined in this action, including but not limited to:

        a.     Angel Transportation, Inc., and

        b.     Kevin Bedford.

8.     The Defendant may have been confronted with a sudden emergency situation not of its own making, and the reaction to that situation was reasonable under the existing circumstances.

9.     The Plaintiff's alleged injuries and damages, if any, were the result of an Act of God such that the circumstances which give rise to any such injuries and damages, could not have been foreseen or frustrated by the Defendant.

Defendant reserves the right to amend its affirmative defenses as this case progresses.

WHEREFORE, Defendant respectfully prays that Plaintiff take nothing by way of the Complaint for Damages, and for all other just and appropriate relief in the premises including costs in this action.

## **DEMAND FOR JURY TRIAL**

COMES NOW Defendant, by counsel, and pursuant to Trial Rule 38 requests that this cause be tried by jury.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ James H. Milstone*

James H. Milstone (#10460-02)
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of March, 2018, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Ronald E. Elberger
relberger@boselaw.com

Steven D. Groth
sgroth@boselaw.com

*/s/ James H. Milstone*

_____

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:    317-818-1360
Facsimile:    317-818-1390

Filed: 6/1/2018 10:18 AM
Myla A. Eldridge
Clerk
Marion County, Indiana

STATE OF INDIANA          )          IN THE MARION SUPERIOR COURT 2
                          ) SS:
COUNTY OF MARION          )          CAUSE NO:   49D02-1802-CT-4455
                                                 49D02-1802-CT-4456
                                                 49D02-1802-CT-4460

GARRETT HOLLAND, et al.          )
                                 )
          Plaintiffs,            )
                                 )
          vs.                    )
                                 )
NOBLE TRANSPORT, LLC,            )
                                 )
          Defendant.             )
                                 )

## DEFENDANT'S MOTION TO CONSOLIDATE

Comes now the Defendant, Noble Transport, LLC, by counsel, James H. Milstone of Kopka Pinkus Dolin PC, pursuant to Indiana Trial Rule 42(D) and moves to consolidate three matters, pending in different courts, and in support of this Motion, states the following:

1.      On February 7, 2016, a motor vehicle accident occurred in Indianapolis, Marion County, Indiana, at or near mile-marker 121.8 on southbound Interstate 65.  Two vehicles were involved in the accident. One vehicle was driven by Jordan Velkov, an employee of Noble Transport LLC, and another vehicle was driven by Garrett Holland.

2.      Three separate lawsuits have been filed as a result of that motor vehicle accident. Each lawsuit alleges negligence against Defendant, Noble Transport LLC.  The issue of liability is central to each case.

3.      The captions of the three lawsuits are as follows:   Garrett Holland v. Noble Transport, LLC filed in Marion Superior Court, Civil Division 2 under Cause number: 49D02-1802-CT-4455 on February 2, 2018; Frederick Reed v. Noble Transport, LLC filed in Marion Superior Court, Civil Division 5 under Cause number 49D02-1802-CT-4460, filed on February

2, 2018; and <u>Jamie and Vincent Brady v. Noble Transport, LLC</u> filed in Marion Superior Court, Civil Division 11 under Cause number: 49D02-1802-CT-4456.

4.     All three of these actions involve a common question of law and fact, namely who is liable for a motor vehicle accident that occurred on February 7, 2016 in Indianapolis, Marion County, Indiana.

5.     All three lawsuits were filed on the same date, February 2, 2018, but in three different courts.

6.     For purposes of judicial economy and efficiency among the parties, it will be best if the three cases are consolidated for the purposes of discovery and trial, pursuant to Indiana Trial Rule 42(D).

7.     Counsel for all parties have conferred and agree that it is appropriate to consolidate these matters for the purposes of discovery; however, Plaintiffs' counsel does not agree to consolidate these matters for the purposes of trial.

8.     Defendant submits that this is a case with complicated issues of law or fact that could lead to prejudice and/or confusion of the jury if tried separately.

9.     The jury will be asked to apportion fault in these causes between Noble Transport, LLC, Garrett Holland, Frederick Reed, and Jamie and Vincent Brady as next friend of Trinity and Vincent Brady.

10.     Three jury verdicts are likely to have different apportionments of fault and the determination of fault in the first cause going to trial would act as *res judicata* and/or collateral estoppel in the second and third causes.

11.     To avoid potential inconsistent verdicts and fault apportionment, all three causes should be consolidated and tried as one.

WHEREFORE, Defendant respectfully requests that the three causes be consolidated into Cause number:  49D02-1802-CT-4455 for purposes of discovery and trial pursuant to Indiana Trial Rule 42(D), or in the alternative, that the three causes be consolidated for the purpose of discovery, and for all other just and proper relief in the premises.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ James H. Milstone*

_____

James H. Milstone (#10460-02)
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2018, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Steven D. Groth
Ronald E. Elberger
**Bose McKinney & Evans**
111 Monument Circle
Suite 2700
Indianapolis, IN 46204
sgroth@boselaw.com
relberger@boselaw.com

*/s/ James H. Milstone*

_____

**KOPKA PINKUS DOLIN PC**
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:      317-818-1360
Facsimile:      317-818-1390
jhmilstone@kopkalaw.com

STATE OF INDIANA )           IN THE MARION SUPERIOR COURT 2
                 ) SS:
COUNTY OF MARION )           CAUSE NO:   49D02-1802-CT-4455
                                         49D02-1802-CT-4456
                                         49D02-1802-CT-4460

GARRETT HOLLAND, et al.          )
                                 )
     Plaintiffs,                 )        **GRANTED**       F I L E D
                                 )        June 4, 2018
     vs.                         )                          June 4, 2018
                                 )                          *Myla A. Eldridge*
NOBLE TRANSPORT, LLC,            )                          CLERK OF THE COURT
                                 )                          MARION COUNTY
     Defendant.                  )                          BO

### ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE

**THE COURT**, having reviewed Defendant's Motion to Consolidate finds that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Garrett Holland v. Noble Transport, LLC 49D02-1802-CT-4455; Frederick Reed v. Noble Transport, LLC 49D02-1802-CT-4460; and Jamie and Vincent Brady v. Noble Transport, LLC 49D02-1802-CT-4456 shall be consolidated into Cause number **49D02-1802-CT-4455**:

(PLEASE SELECT FROM THE FOLLOWING)

1. For **discovery and trial** pursuant to Indiana Trial Rule 42(D).  __X__

2.  For **discovery only** pursuant to Indiana Trial Rule 42(D). _____

SO ORDERED this _____ day of _____, 2018.

*Jim Oakes*
BO

_____
JUDGE, Marion Superior Court 2

Distribution:

James H. Milstone jhmilstone@kopkalaw.com
Ronald E. Elberger relberger@boselaw.com
Steven D. Groth sgroth@boselaw.com

Filed: 6/5/2018 4:44 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

STATE OF INDIANA       )    IN THE MARION SUPERIOR COURT 2
                    ) SS:
                    )    CAUSE NO:  49D02-1802-CT-4455
                                       49D02-1802-CT-4456
                                     49D02-1802-CT-4460

GARRETT HOLLAND, et al.    )
                           )
     Plaintiff,          )
                           )
       vs.              )
                           )
NOBLE TRANSPORT, LLC,    )
                           )
     Defendant.      )
                           )

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE ACTIONS FOR TRIAL

Plaintiff, Garrett Holland, by counsel, respectfully submits his Response in Opposition to Defendant's Motion to Consolidate actions for trial and as grounds therefor, states that:

### Introduction

On June 1, 2018, Noble Transport, LLC ("Noble") filed its Motion to Consolidate pursuant to Trail Rule 42(D), Indiana Rules of Trial Procedure, seeking to consolidate for purposes of discovery and trial three cases that were filed against Noble in three separate Marion Superior courts. The cases having cause numbers: 49D11-1802-CT004456 ("Brady Complaint"), 49D05-1802-CT-004460 ("Reed Complaint"), and No. 49D02-1802-CT004455 ("Holland Complaint") arise out of the same incident and name Noble as a party defendant under a theory of negligence. All of the parties in the different lawsuits have agreed to consolidation for the purpose of discovery and pre-trial proceedings pursuant to Trial Rule 42(D). Noble, however, also seeks to consolidate the cases for purposes of trial. Because all three separate civil actions against Noble (1) do not involve complicated issues of fact or law or involve a substantial question of law of great public importance, and (2) are not subject to *res judicata* or collateral

estoppel, Noble fails to satisfy the standard for consolidation of claims for trial under Trail Rule

42 (D) and its Motion to Consolidate the actions for the purposes of trial should be denied, while

its motion to consolidate the actions for purposes of discovery and pretrial proceedings should be

granted.

**Standard**

While actions pending in different courts but involving common question of law or fact may be

consolidated for discovery and pre-trial purposes, upon completion of discovery and pre-trial

proceedings, each case is returned to court in which it was pending prior to consolidation for

further proceedings. *In re B.W.*, 709 N.E.2d 370 (Ind. Ct. App. 1999) (summarizing Trial Rule

42(D)).

I. **The three separate civil actions do not involve complicated issues of fact or law or involve a substantial question of law of great public importance.**

As a preliminary matter, Plaintiff is not contesting the consolidation of the three separate

civil actions for the purpose of discovery and pretrial proceedings, but does oppose consolidation

of all three civil actions for the purpose of trial under T.R. 42(D). All three separate civil actions

stem from the same incident, a traffic accident, and allege negligence on the part of Velkov, an

employee of Noble, and Noble. *Brady Compl.* at 9; *Reed Compl.* at 9; *Holland Compl.* at 9.

However, each plaintiff as master of their own respective complaint has chosen to file separately

in different courts. The individual civil actions do not involve complicated issues of fact or law

nor do they involve a substantial question of law of great public importance.

Rule 42(D), Indiana Rules of Trial Procedure explicitly states:

 Upon completion of discovery and any pre-trial proceedings, *each case* which
has been subject to the order of consolidation *shall be ordered returned to the
court in which it was pending at the time the order of consolidation was made*

>*unless*, after notice to all parties and a hearing, *the court finds that the action
>involves unusual or complicated issues of fact or law or involves a substantial
>question of law of great public importance.*

*Id.* (emphasis added). Noble has already admitted that this is not a complicated action in their

Motion to Consolidate, "[t]hese *three actions involve a common question of law* and fact, namely

who is liable for a motor vehicle accident that occurred on February 7, 2016 in Indianapolis,

Marion County, Indiana." Defendant's Motion to Consolidate at 4, (No. 49D02-1802-CT004455)

(emphasis added). Even if Noble had not admitted to such, it would be a difficult position to

take, given the facts alleged in this case, that this civil action of negligence for an automotive

accident is complicated. As such, the court should, upon completion of discovery and pretrial

proceedings, return each case to the court which it was pending prior to consolidation for further

proceedings and deny Defendant's Motion to Consolidate the cases for the purpose of trial. *In re

B.W.*, 709 N.E.2d 370.

Further, the only case that allowed consolidation for trial under Trail Rule 42(D) was a

case involving voting rights. *State ex rel. Curley v. Lake Circuit Court*, 899 N.E.2d 1271 (Ind.

2008) (holding that a case filed in a county's circuit court be consolidated and proceed under a

case filed in the same county's superior court). Although there is not much dicta by the court in

*Lake*, it can be gleaned from the facts of that case, that voting rights would fall under "involving

a substantial question of law of great public importance" under Trial Rule 42(D). *Id.* Here, all of

the separate civil actions involve a motor vehicle accident and, although it is unfortunate, the

civil actions do not involve a substantial question of law of great importance. Therefore, Noble's

Motion to Consolidate the actions for purposes of trial under Trail Rule 42(D) should be denied.

## II.    Noble has incorrectly applied *res judicata* and collateral estoppel.

The doctrine of res judicata prevents the repetitious litigation of disputes that are essentially the same. *French v. French*, 821 N.E.2d 891, 896 (Ind.Ct.App.2005). The principle of res judicata is divided into two branches: claim preclusion and issue preclusion, also referred to as collateral estoppel. *Id.*

### a. Res judicata is not applicable in the future.

After admitting that "all three civil actions involve a common question of law and fact," Noble backtracks and unilaterally states that the "civil action has complicated issues of law or fact that could lead to prejudice and/or confusion of the jury if tried separately," without identifying any such "complicated" issues of law or fact. Defendant's Motion to Consolidate at 4, 8. Noble, as support for its assertion, states, "three jury verdicts are likely to have different apportionments of fault and the determination of the fault in the first cause going to trial would act as res judicata and/or collateral estoppel in the second and third causes." Defendant's Motion to Consolidate at 10. This is Noble's attempt to get consolidation under Trail Rule 42(D) by showing "complicated issues of fact or law," T.R. 42(D), albeit without any evidence of a complicated issue of fact or of law. However, *res judicata* (claim preclusion) and collateral estoppel are not applicable to the separate civil actions that have different plaintiffs that are not in privity with each other.

Consider first the issue of claim preclusion, and then collateral estoppel. The Indiana Court of Appeals has enumerated the elements for the application of the doctrine of claim preclusion:

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) *the controversy adjudicated in the former action must have been between the parties to the present suit or their privies*.

*Indianapolis downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005) (citing *Small v. Centocor, Inc.*, 731 N.E.2d 22, 26 (Ind. Ct. App. 2000)) (emphasis added). The fourth element of claim preclusion would not be applicable to the separate civil actions because, although they have the same defendant, they would not have the same plaintiffs or their privies. The term "privity" describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action and successors in interest to those having derivative claims. *Marsh v. Paternity of Roger by Rogers*, 659 N.E.2d 171, 173 (Ind. Ct. App. 1995); *Thrasher, Buschman, & Voelkel, P.C. v. Adpoint Inc.*, 24 N.E.3d 487 (Ind. Ct. App. 2015).  Here, the plaintiffs in the separate civil actions would not bind each other or have interest in derivative claims based on the outcome of each other's individual civil actions. If the parties in the Holland Complaint make it to trial and have a judgment rendered awarding damages, then there would be no derivative claims to be made by the parties in the Reed Complaint or the Brady Complaint based on that outcome. Additionally, the outcome of one civil action, even if apportionment of fault is different in subsequent civil actions, would not bind the plaintiffs in their separate civil actions because each individual trial would still have to prove damages applicable to that specific plaintiff. There is no reason why each plaintiff, as master of his or her complaint, should have to be subjugated to another's complaint if he or she chooses not to be.

Further, if the three civil actions require different proof of injury and damages from each other, then the civil actions would not be barred by claim preclusion.  The three civil actions arose from the same incident, but the damage for the Holland Complaint (driver of one of the vehicles) would be different from the Reed Complaint (individual passenger) and would be different from the Brady Complaint (dual passengers combined into one action). Hence, if the

civil actions are tried separately, the parties and damages in the Holland Complaint would not be the same as in the Reed Complaint or in the Brady Complaint. Different apportionments of fault and determination of fault in the three different civil actions would be proper since the damages associated with those apportionments of fault would be different in each case. *See Groski v. Deering*, 465 N.E.2d 759, 762 (Ind. Ct. App. 1984) (holding that although both claims arose from the same incident, each required proof of injury and damages that the other did not require, and therefore the second action was not barred by claim preclusion). The three separate civil actions have different parties (that are not in privity to each other) and damages, so adjudication on one civil action would not affect the other two civil actions based on claim preclusion. Claim preclusion is not applicable in the future for these future civil actions, thus demonstrating that this is not a complicated issue of law under Trial Rule 42(D). Therefore, Noble's Motion to Consolidate should be denied.

### b.  Collateral Estoppel is not applicable in the future

For similar reasons as stated above, collateral estoppel is not applicable. Collateral estoppel bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit. *MicroVote General Corp. v. Indiana Election Com'n*, 924 N.E.2d 184, 198 (Ind. Ct. App. 2010) (citation omitted). Collateral estoppel has been divided into two categories: offensive collateral estoppel and defensive collateral estoppel. Offensive collateral estoppel involves a situation where the plaintiff seeks to foreclose the defendant from litigating an issue the defendant had previously litigated unsuccessfully in an action with another party. *Id*. Defensive collateral estoppel involves a situation where a defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost. *Id*. In order to bar relitigation of an issue, the

doctrine of collateral estoppel requires: (1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of the issues; and (3) *the party to be estopped was a party or the privity of a party in the prior action. Small v. Centocor, Inc.*, 731 N.E.2d 22, 28 (Ind. Ct. app. 2000) (emphasis added).

Here, regardless of whether Noble wants to assert either offensive or defensive collateral estoppel as a reason for consolidation, both parties are not the same in the separate civil actions nor are they in privity to each other as explained *supra* section *a*, at ¶ 2. Since there is no privity, collateral estoppel is not applicable. Clearly this is <u>NOT</u> a complicated issue of law under Trial Rule 42(D), as a result of which Noble's Motion to Consolidate these actions for the purpose of trial should be denied.

WHEREFORE, Plaintiff, Garret Holland, by counsel, respectfully requests that the Court deny Noble's Motion to Consolidate these actions for the purpose of trial but grant Noble's motion to consolidate for the purpose of discovery and pretrial proceedings.

Respectfully submitted,

*s/ Ronald E. Elberger*
Ronald E. Elberger, Attorney No. 6675-49
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5195
(317) 223-0195 Fax
RElberger@boselaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of June, 2018, a copy of the foregoing "Response in

Opposition to Defendant's Motion to Consolidate Actions for Trial" was filed

electronically.  Notice of this filing will be sent to the following party by operation of the Court's

CM/ECF system, and by U.S. Mail, first class, postage prepaid:

      James Milstone
      KOPKA PINKUS DOLIN PC
      550 Congressional Blvd., Suite 310
      Carmel, IN 46032
      jhmilstone@kopkalaw.com

                    *s/ Ronald E. Elberger*
                    Ronald E. Elberger

3437940

STATE OF INDIANA )      IN THE MARION SUPERIOR COURT 2
                              ) SS:
                              )      CAUSE NO:   49D02-1802-CT-4455
                                                 49D02-1802-CT-4456
                                                 49D02-1802-CT-4460

GARRETT HOLLAND, et al.       )
                              )
    Plaintiff,                )                                    F I L E D
                              )                                      June 19, 2018
    vs.                       )                                   *Myla A. Eldridge*
                              )                                  CLERK OF THE COURT
                              )                                    MARION COUNTY
NOBLE TRANSPORT, LLC,         )                                           BO
                              )                                    GRANTED
    Defendant.                )                                     June 19, 2018
                              )

## ORDER

Upon consideration of plaintiff's response in opposition to the defendant's motion to

consolidate these actions for the purpose of trial and for discovery and pretrial proceedings, the

Court having previously granted defendant's motion without the benefit of the plaintiff's input,

and the Court being duly advised in the premises, it is

**ORDERED, ADJUDGED AND DECREED** that Garrett Holland v. Noble Transport,

LLC 49D02-1802-CT-4455; Frederick Reed v. Noble Transport, LLC 49D02-1802-CT-4460;

and Jamie and Vincent Brady v. Noble Transport, LLC 49D02-1802-CT-4456 shall be

consolidated into Cause number **49D02-1802-CT-4455** for **discovery and pretrial proceedings**

~~only~~ pursuant to Indiana Trial Rule 42(D).      Court will revisit the issue of trial consolidation upon
                                                    completion of discovery.

SO ORDERED this _____ day of ____June____, 2018.

_Jim Oakes_

_____
JUDGE, Marion Superior Court 2

Distribution:
James H. Milstone jhmilstone@kopkalaw.com
Ronald E. Elberger relberger@boselaw.com
Steven D. Groth sgroth@boselaw.com

Filed: 10/4/2019 8:59 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT NO. 2 |
| | ) SS: | |
| COUNTY OF MARION | ) | CONSOLIDATED |
| | | CAUSE NO: 49D02-1802-CT-004455 |

| | |
|---|---|
| GARRETT HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLE TRANSPORT, LLC, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO VACATE 41(E) HEARING

The Plaintiffs, Garrett Holland and Trinity Brady, by and through her next friends, Vincent and Jamie Brady, by counsel, respectfully requests the Court vacate the hearing pursuant to Trial Rule 41(E) for the reason that the case remains active and the parties are engaging in discovery.  Discovery is proceeding without dispute, so no motions have been required.

The actions of four individual claimants have been consolidated under this cause number for purposes of conducting discovery.  The Defendant has reached a settlement with respect to two of those claimants, Frederick "Timothy" Reed and Vincent Brady, II, by his next friends, Vincent Brady and Jamie Brady.  The claims of Garrett Holland and Trinity Brady by her next friends, Vincent Brady and Jamie Brady, remain pending.  The parties are in the process of scheduling mediation with respect to the two remaining claims.  If mediation is unsuccessful, the Plaintiffs will seek a trial date from the Court.

WHEREFORE, Plaintiff, Garrett Holland, and Trinity Brady, by and through her next friends, Vincent and Jamie Brady, by counsel, respectfully request this Court to vacate the

hearing set for October 11, 2019, remove this case from the call of the docket, and for all other

relief the Court deems proper in the circumstances.

Respectfully submitted,

/s/ Steven D. Groth
Steven D. Groth
Attorney for Garrett Holland

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
317-684-5000
317-684-5173 fax
sgroth@boselaw.com

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon counsel of record via the Indiana E-Filing service this 29th day of August, 2019:

James Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
jhmilstone@kopkalaw.com

/s/ Steven D. Groth
Steven D. Groth

STATE OF INDIANA       )      IN THE MARION SUPERIOR COURT NO. 2
                     ) SS:
COUNTY OF MARION      )      CONSOLIDATED
                                  CAUSE NOS: 49D02-1802-CT-004455
                                                 49D02-1802-CT-004456
                                                 49D02-1802-CT-004460

GARRETT HOLLAND,                 )
                                    )
      Plaintiff,                   )            **F I L E D**
                                    )         October 7, 2019
        vs.                     )       *Myla A. Eldridge*
                                    )     CLERK OF THE COURT
NOBLE TRANSPORT, LLC,       )       MARION COUNTY
                                    )             BS
      Defendant.             )

## <u>ORDER VACATING 41(E) HEARING</u>

The Court having set this matter for a Trial Rule 41(E) hearing on October 11, 2019, at

8:30 a.m., and the Plaintiffs having shown good cause why the case should be maintained on the

docket, the Court hereby VACATES the October 11, 2019 hearing.

SO ORDERED this **October 4, 2019** ___ day of October, 2019.

Counsel shall file a Joint Case Management Order within  45 days

                            _____
                            Judge, Marion Superior 2

DISTRIBUTION HAS BEEN MADE
TO ALL COUNSEL VIA THE
INDIANA E-FILING SERVICE

FILED: 10/23/2019 1:24 PM
Clerk
Marion County, Indiana

81625

STATE OF INDIANA                        IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

GARRETT HOLLAND,
     Plaintiff,

v.                                      CONSOLIDATED
                                        CAUSE NOS. 49D02-1802-CT-4455
NOBLE TRANSPORT, LLC,                              49D02-1802-CT-4456
     Defendant.                             49D02-1802-CT-4460

TRINITY BRADY, by and through her next
friend, JAMIE BRADY, and VINCENT
BRADY, II, by and through their next friends,
VINCENT AND JAMIE BRADY,
     Plaintiffs,

v.

NOBLE TRANSPORT, LLC,
     Defendant.

FREDERICK T. REED,
     Plaintiff,
v.
NOBLE TRANSPORT, LLC,
     Defendant.

## E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

1.     The party on whose behalf this form is being filed is:  Responding

The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

### NOBLE TRANSPORT, LLC

2.     Attorney information for service as required by Trial Rule 5(B)(2):

Melissa J. Wray                      Atty. No. #23802-64
KOPKA PINKUS DOLIN PC                Telephone: 317-818-1360
550 Congressional Blvd., Suite 310   Facsimile:  317-818-1390
Carmel, IN 46032                     Email:  mjwray35523-49@kopkalaw.com

1

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.     This is a civil tort case type as defined in administrative Rule 8(B)(3)

4.     I will accept service by:
       Fax at the above noted number:  NO
       Email at the above noted address:  YES

5.     This case involves child support issues:  NO

6.     This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order:  NO

7.     This case involves a petition for involuntary commitment:  NO

8.     Are there related cases:  NO

9.     Additional information required by local rule:  NONE

10.    Are there other party members:  NO

11.    This form has been served on all other parties and Certificate of Service is attached:  YES

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ Melissa J. Wray*

_____

Melissa J. Wray (#23802-64)
Attorney for Defendant Noble Transport

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of October, 2019, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Ronald E. Elberger
relberger@boselaw.com

Steven D. Groth
sgroth@boselaw.com

*/s/ Melissa J. Wray*

_____


KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:     317-818-1360
Facsimile:     317-818-1390

81625.886

STATE OF INDIANA          IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

**F I L E D**
November 14, 2019
*Myla A. Eldridge*
CLERK OF THE COURT
MARION COUNTY
PH

GARRETT HOLLAND,
    Plaintiff,

v.

NOBLE TRANSPORT, LLC,
    Defendant.

CONSOLIDATED
CAUSE NOS. 49D02-1802-CT-4455
                49D02-1802-CT-4456
                49D02-1802-CT-4460

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
    Plaintiff,

**GRANTED**
November 14, 2019

v.

NOBLE TRANSPORT, LLC,
    Defendant.

## PROPOSED  JOINT CASE MANAGEMENT ORDER

Pursuant to the Marion County Local Rule LR49-TR16-207(B), the parties set forth the following joint case management order for the Court's consideration and, if appropriate, approval:

1.    <u>Consolidated Discovery Schedule:</u> Pursuant to the Court's October 7, 2019 Order, the above cases have been consolidated for the sole purpose of discovery and pre-trial proceedings. After conducting a case management conference, the parties have agreed to the following case management deadlines:

    a.    All parties shall file preliminary witness and exhibit lists on or before **January 17, 2020;**

    b.    All motions for leave to amend pleadings and/or join additional parties shall be filed on or before **February 17, 2020;**

1

c.   The parties have agreed to the following with regard to the disclosure of expert witnesses:

i.   Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Indiana Trial Rule 26 (b), on or before **April 15, 2020**.  For purposes of this Joint Case Management Order, treating physicians shall not be considered expert witnesses, but Plaintiffs shall disclose said treating physician opinions as outlined in Indiana Trial Rule 26 (b).

ii.   Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Indiana Trial Rule  on or before **30 days after Plaintiffs'** expert disclosures; or if Plaintiffs have disclosed no experts, Defendant shall make its experts disclosures on or before **May 15, 2020**.

iii.   Notwithstanding the provisions of paragraph 1(c)(ii), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motion deadline and related briefing deadlines.  Any proposed modifications of

the Joint Case Management Order deadlines or briefing schedule, must be approved by the Court.

d.   Dispositive Motions shall be filed on or before **June 15, 2020**; responses are to be filed within 30 days;

e.   Any party who believes that bifurcation is appropriate with respect to any issue or claim at trial in any of the consolidated cases shall notify the Court soon as practicable but no later than **June 15, 2020.**

f.   The parties agree to discovery cutoffs as follows:

i.   T.R. 35 medical examinations shall be completed and reports disclosed on or before **March 16, 2020**;

ii.   Non-expert witness discovery and discovery related to liability issues shall be completed by **April 15, 2020;**

iii.   Expert discovery and discovery related to damages shall be completed by **July 15, 2020**; and

iv.   Video depositions in lieu of live testimony shall be concluded by **August 14, 2020**.

2.   <u>Likelihood of Mediation and Settlement</u>.  The parties have scheduled mediation as required by the Marion County Local Rules to commence on **January 3, 2020.** The parties will report to the Court at the conclusion of mediation.

3.   <u>Trial Schedule</u>

i.   <u>Final Witness & Exhibit List:</u> All parties shall file final witness and exhibit lists no later than 60 days before trial;

ii.    <u>Motions to Exclude/Limit Experts:</u> Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 90 days before trial.

iii.   <u>Motions in Limine:</u> Motions in Limine shall be filed no later than 14 days before final pre-trial conference. Responses to Motions in Limine shall be filed no later than seven days before final pre-trial conference.

iv.    <u>Final Pre-Trial</u>: The Final Pre-Trial conference has been scheduled for _____August 31, 2020_____, at ___12:00 p.m. (noon)___

v.     The parties have requested a trial date in **September of 2020**. Trial has been set as ____a 10th choice setting for three (3) days _____September 29, 2020_____, at _____9:00_____ a.m.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC                    BOSE MCKINNEY & EVANS, LLP

/s/ James H. Milstone                    /s/ Steven D. Groth (with permission)
James H. Milstone (#10460-02)            Steven D. Groth, (#17643-71)
550 Congressional BLvd. Suite 310        Ronald E. Elberger, (#6675-49)
Carmel, Indiana 46032                    111 Monument Circle, Suite 2700
Tel.: 317/818-1360                       Indianapolis, Indiana 46204
Fax: 317/818-1390                        Tel.: 317/684-5115
Email: jhmilstone@kopkalaw.com           Fax: 317/223-0115
                                         Email: sgroth@boselaw.com
*Attorney for Defendant Noble Transport* Email: relberger@boselaw.com

                                         *Attorneys for Plaintiffs, Garrett Holland and*
                                         *Triniuty Brady*

4

APPROVED AND SO ORDERED BY THE COURT this ___14th___ day of __November__, 2019.

_____

JUDGE, Marion County Superior Court

Distribution to parties via IEFS

5

Filed: 1/17/2020 9:00 AM
Clerk
Marion County, Indiana

81625/1382

STATE OF INDIANA                     IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

GARRETT HOLLAND,
     Plaintiff,

                                          CONSOLIDATED
v.                                    CAUSE NOS. 49D02-1802-CT-4455
                                                  49D02-1802-CT-4456
NOBLE TRANSPORT, LLC,                       49D02-1802-CT-4460

     Defendant.

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC,
     Defendant.

## DEFENDANT NOBLE TRANSPORT, LLC'S
## PRELIMINARY WITNESS AND EXHIBIT LIST

### WITNESSES

1.    Representative of Noble Transport, LLC, 200 E. Howard Avenue, Suite 298, Des Plaines, Illinois;

2.    Angel Dobrev, 141 Shadowbend Drive, Wheeling, Illinois; (owner of Velkov's truck)

3.    Garrett Holland, 6861 Fox Lake Court, Indianapolis, Indiana;

4.    Woodrow Myers, Jr., 1 N Illinois Street Apt 2101, Indianapolis, Indiana;

5.    Stacy Myers, 6861 Fox Lake Court, Indianapolis, Indiana;

6.    Trinity Brady, 3253 Washington Blvd., Indianapolis, Indiana;

7.    Vincent E. Brady, 3253 Washington Blvd., Indianapolis, Indiana;

8.    Jamie Brady, 3253 Washington Blvd., Indianapolis, Indiana;

9.      Frederick T. Reed, II, 4630 N. Ritter Avenue, Indianapolis, Indiana;

10.     Kevin P. Bedford, 15817 Gateshead Drive, Westfield, Indiana;

11.     Patricia L. Bedford, 15817 Gateshead Drive, Westfield, Indiana;

12.     Megan Elliott, 800 S. 12th Street, Lafayette, Indiana;

14.     Representative of Uber transportation, regarding Plaintiff, Trinity Brady's transportation expenses;

15.     Officer A. Forgey, ID#7896, Indiana State Police, Post #52, Indianapolis, Indiana;

17.     Any representatives, employees, physicians, nurses, and any other person who performed healthcare services for any and all healthcare providers, as outlined below, which rendered care and/or treatment to Plaintiff, **Garrett Holland,** as a result of the incident;

     a.  Pike Township Fire Department;
     b.  The Evelyn Frye Cneter;
     c.  Vanderbilt Adult Primary Care – all physicians;
     d.  Vanderbilt University Medical Center – all physicians;
     e.  Vanderbilt Orthopaedics Mt. Juliet;
     f.  OrthoIndy – all physicians;
     g.  St. Vincent Hospital;
     h.  St. Vincent ER Physicians;
     i.  ProRehab;
     j.  Cassandra Erickson, Ph.D., LMFT;
     k.  Charles L. Cox, M.D.;
     l.  IROC Physical Therapy;
     m.  Summit Spine Therapy;
     n.  Excell Sports Chiropractic and Rehab;
     o.  Good Samaritan Hospital;
     p.  Northwest Radiology;
     q.  One Hundred Oaks Imaging;
     r.  DJO Global, Inc.;
     s.  Advanced Diagnostic Imaging;
     t.  The Recovery Room/ A Better You Wellness;
     u.  Superior Orthotics and Prosthetics;
     v.  Maryland Farms Chiropractic - Elizabeth Baker, DC;
     w.  Jordan Gross, M.D.;
     x.  Katherine G. Hartley, M.D.;
     y.  Martin J. Jordanov, M.D.;

    z.  Premier Performance, Scott Kuper, DC;
    aa. Yu Lou, M.D.;
    bb. Jackiel R. Mayo, M.D.;
    cc. Eric Briggs, M.D.;
    dd. CDI Indianapolis;
    ee. Costco Pharmacy;
    ff. Vanderbilt Children's Hospital Pharmacy;
    gg. Stanford Health Physicians;
    hh. Stanford Health Care;
    ii. Stanford Medicine Outpatient Center;
    jj. Orthopaedic Indianapolis;
    kk. Shelbourne Knee Center;
    ll. Wabash Diagnostic Imaging;

18.    Any representatives, employees, physicians, nurses, and any other person who performed healthcare services for any and all healthcare providers, as outlined below, which rendered care and/or treatment to Plaintiff, **Trinity Brady,** as a result of the incident;

    a. Pike Township Fire Department;
    b. Northwest Radiology;
    c. St. Vincent Health Hospital;
    d. St. Vincent Emergency Physicians;
    e. St. Vincent Sports Performance;
    f. Brain Balance-Chiropractic Neurology Center of Indianapolis;
    g. CRG- Linda Vermillion;
    h. Chosen Hands Therapeutics;
    i. Chattanooga Massage Solutions;
    j. Essence of China Acupuncture & Herb Clinic;
    k. Consolidated Wellness;
    l. 96th Street Chiropractic – Brad Flynn, D.C.;
    m. Georgetown Chiropractic;
    n. HealthNet, Inc.;
    o. NeuroHealth- Brad Ralston, D.C.;
    p. Keith Ridel, M.D.;
    q. Margaret Feemster, M.D.;
    r. Indiana Physicians Management, LLC;
    s. JWM Neurology;
    t. Mid America Clinical Labs;
    u. Edward Erotas, DDS;
    v. Sam's Club Pharmacy;
    w. CVS Pharmacy;

x.   A Better Wellness;

y.   Methodist Sports Medicine;

19.   Representative(s) of the Plaintiffs' health insurers, including Anthem Blue Cross Blue Shield Tennessee, Corizon Health, and Cigna, regarding the health insurance premiums and negotiated and/or contracted discounts or adjustments between the insurer and the Plaintiffs' medical providers;

20.   Representative(s) of the Plaintiff's automobile insurer, including AIG Property Casualty Company, regarding the medical payment coverage, insurance premiums and negotiated and/or contracted discounts or adjustments between the insurer and the Plaintiff's medical providers;

21.   Representatives of the Accounting/Billing Department for each of Plaintiffs' medical professionals, including physicians, therapists, chiropractors, surgeons.

22.   Records custodians or other representatives of any healthcare provider, or other provider, necessary to authenticate records and establish admissibility of records not stipulated by the parties prior to trial;

23.   Records custodians or other representatives of any healthcare provider, or other provider, necessary to authenticate records and establish admissibility of records not stipulated by the parties prior to trial;

24.   Any persons whose testimony might become relevant upon completion of discovery.

25.   Any representatives for any of the Plaintiffs' medical providers not already listed in this Preliminary Witness List;

26.   Any and all persons with knowledge or information regarding the Plaintiff's alleged injuries or the injuries effects on the Plaintiff, if any;

27.   Independent accident reconstruction expert not yet identified;

28.   Independent medical expert not yet identified;

29.   Independent medical billing expert not yet identified;

30.   Any witness identified on the Preliminary Witness List of any other party to this litigation;

31.   Any witness necessary for impeachment or rebuttal.

Defendant reserves the right to amend and/or supplement this witness list pending further discovery.

## EXHIBITS

1. Photographs and/or diagrams of the accident scene;

2. Photographs of claimed injuries from this incident;

3. Any and all photographs and/or surveillance tapes of the Plaintiffs;

4. Any and all videotapes relating to this cause;

5. Property damage estimates and repairs of all vehicles involved in the accident;

6. Alleged medical records and/or bills of the Plaintiffs, including admission records, narrative reports, progress reports, and diagnostic impressions and/or films;

7. Weather reports from the dates at issue;

8. Medical records and/or reports evidencing pre-existing injuries or conditions of the Plaintiffs;

9. Medical literature pertinent to medical issues in the case;

10. Life expectancy tables;

11. All health insurance premiums and/or medical payments paid over time for the coverage that paid any medical expenses at less than the billed amounts;

12. Any and all employment records of the Plaintiffs;

13. Any and all academic records of the Plaintiffs;

14. Any and all pleadings filed by the parties in this case;

15. Any and all discovery responses by the parties in this case;

16. Any and all deposition transcripts, including admissible exhibits thereto;

17. Any and all exhibits listed on the preliminary, final or trial exhibit lists of any party involved in this action of this cause at any time;

18. Certified copies of any and all statutes, ordinances, and/or other law governing/relating to the incident;

19. Any and all personnel file(s) for the Plaintiffs, or correspondence regarding claimed wage loss of the Plaintiffs;

20. Any and all criminal records of the Plaintiffs;

21. Any and all necessary Affidavits from records custodians;

22. Any and all reports and/or opinions formulated by any experts;

23. Any curriculum vitae for any experts;

24. Any and all documentation, records, or videos relied upon by experts;

25. Any and all prior statements of parties and/or independent witnesses;

26. Any and all exhibits necessary for rebuttal; and

27. All stipulations of the parties.

28. All exhibits on the Plaintiffs' Preliminary Exhibit List;

29. Any exhibit necessary for impeachment or rebuttal;

30. Plaintiffs' social media messages, posts, videos and photographs;

31. Plaintiffs' electronic messages by electronic mail and text messages.

Defendant reserves the right to amend and/or supplement this exhibit list pending further discovery.


Respectfully Submitted,

KOPKA PINKUS DOLIN PC


_____/s/ James H. Milstone_____
James H. Milstone (#10460-02)
Attorney for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of January, 2020, a copy of the foregoing was filed electronically.  Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Ronald E. Elberger
relberger@boselaw.com

Steven D. Groth
sgroth@boselaw.com

_____/s/ James H. Milstone_____

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:     317-818-1360
Facsimile:     317-818-1390

Filed: 1/17/2020 11:19 AM
Clerk
Marion County, Indiana

STATE OF INDIANA              )        IN THE MARION SUPERIOR COURT NO. 2
                              ) SS:
COUNTY OF MARION              )        CAUSE NO: 49D02-1802-CT-004455


GARRETT HOLLAND,                    )
                                    )
        Plaintiff,                  )
                                    )
        vs.                         )
                                    )
NOBLE TRANSPORT, LLC,               )
                                    )
        Defendant.                  )

## PRELIMINARY LISTS OF WITNESSES AND EXHIBITS

Plaintiff, Garrett Holland, by counsel, submits the following preliminary lists of

witnesses and exhibits that may be introduced at a trial of this matter.

### WITNESSES

1.    Garrett Holland

2.    Trinity Brady

3.    Vincent Brady, Jr.

4.    Frederick "Tim" Reed.

5.    Iordon Velkov.

6.    Representative(s) of Noble Transport, LLC.

7.    Investigating Officer, Andrew Forgey, Indiana State Police.

8.    Megan Elliott.

9.    The following healthcare providers are expected to testify regarding their treatment

of Mr. Holland, their records relating to that treatment, and the fees associated with that treatment:

A Better You Wellness
4654 Killarney Drive
Carmel, IN  46033

Elizabeth Baker, DC
Maryland Farms Chiropractic
5107 Maryland Way, Suite 100
Brentwood, TN  37027

Eric R. Briggs
1301 Medical Center Drive, Suite 4648
Nashville, TN  37232-5614

CDI Indianapolis North
11900 N. Pennsylvania St., Suite 100
Carmel, IN  46032

Charles Leonard Cox, MD
Vanderbilt Sports Medicine
1215 21st Avenue South
Medical Center East, Suite 3200
Nashville, TN 37232

Jan S. Delozier, MD
Vanderbilt Adult Primary Care
1215 21st Avenue South
Medical Center East
7th Floor, Suite 1
Nashville, TN  37232

DJO Global, LLC
1430 Decision Street
Vista, CA  92081

Cassandra A. Erickson, Ph.D., LMFT
2020 W. 8th St.
Indianapolis, IN  46260

Good Samaritan Hospital
520 S. 7th St.
Vincennes, IN  47591

Jordan S. Gross, MD
Department of Radiology
Vanderbilt Univesity Medical Center
1161 Medical Center Drive
Nashville, TN  37232

Katherine G. Hartley, MD
Vanderbilt University Medical Center

Department of Radiology
1211 Medical Center Drive
Nashville, IN  37232

Dr. Frank Klene
IROC Physical Therapy
1150 W. 86th St.
Indianapolis, IN  46260

Martin I. Jordanov, MD
1211 Medical Center Drive, #1145
Nashville, TN  37212

Scott Kuper, DC
5750 E. 91st St., Suite B
Indianapolis, IN  46250

Yu Luo, MD
Dept of Radiology
2200 Childrens Way
Nashville, TN  37232

Jackiel R. Mayo, MD
1161 21st Avenue South
Nashville, IN  37232

Marcus McCray, DC
Excell Sports Chiropractic & Rehab
1315 W. 86th St., Suite C
Indianapolis, IN  46260

Michelle McGruder, LCSW
The Evelyn Frye Center
2021 Church Street, Suite 800
Nashville, TN  37203

Ronald S. Miller, M.D.
OrthoIndy
8450 Northwest Blvd.
Indianapolis, IN  46278

Northwest Radiology Network, PC
5901 Technology Center Drive
Indianapolis, IN  46278

Pike Township Fire Department

P.O. Box 502596
Indianapolis, IN  46250-7596

ProRehab
2121 Willow St.
Vincennes, IN  47591

Melissa L. Scalise, MD
Vanderbilt Adult Primary Care
719 Thompson Lane, #38500
Nashville, TN  37204

St. Vincent Hospital
2001 W. 86th St.
Indianapolis, IN  46260

Superior Orthotics and Prosthetics
1823 Charlotte Ave.
Nashville, TN  37203

Vanderbilt University Medical Center
1211 Medical Center Drive
Nashville, TN  37232

Wabash Diagnostic Imaging
328 N. 2nd St., #101
Vincennes, IN  47591

10.     Expert witnesses to be determined later.

11.     Any witnesses necessary for impeachment or rebuttal whose identities cannot be

determined at this time.

## EXHIBITS

1.     Photographs of the accident scene and the vehicles involved in the accident.

2.     Photographs, video, or diagrams demonstrating the accident scene or the events of

the collision.

3.     Medical records relating to the treatment received by Mr. Holland as a result of the accident, including, but not limited to, the treatment received from the healthcare providers identified as witnesses above.

4.     Medical bills relating to treatment received by Mr. Holland.

5.     Documents produced by the Defendants during the course of discovery.

6.     Deposition transcripts, including all exhibits.

7.     Any and all exhibits necessary for impeachment or rebuttal that cannot be identified at this time.

Respectfully submitted,

*/s/ Steven D. Groth*
Steven D. Groth
Attorney for Garrett Holland

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
317-684-5000
317-684-5173 fax
sgroth@boselaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon counsel of record via the Indiana E-Filing service this 17th day of January, 2020

James Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
jhmilstone@kopkalaw.com

*/s/ Steven D. Groth*
Steven D. Groth

3790954/7373.20

81625

STATE OF INDIANA                         IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

GARRETT HOLLAND,                                    **F I L E D**
        Plaintiff,                                  April 17, 2020
                                                    *Myla R. Eldridge*
v.                                                  CLERK OF THE COURT
                                                    MARION COUNTY
                                          CONSOLIDATED                    PH
NOBLE TRANSPORT, LLC,                     CAUSE NOS. 49D02-1802-CT-4455
        Defendant.                                   49D02-1802-CT-4456
                                                     49D02-1802-CT-4460

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,                              **GRANTED**
        Plaintiff,                                 April 17, 2020

v.

NOBLE TRANSPORT, LLC,
        Defendant.

## AMENDED JOINT CASE MANAGEMENT ORDER

Pursuant to the Marion County Local Rule LR49-TR16-207(B), the parties set forth the following amended joint case management order for the Court's consideration and, if appropriate, approval:

1.    <u>Consolidated Discovery Schedule:</u>  Pursuant to the Court's October 7, 2019 Order, the above cases have been consolidated for the sole purpose of discovery and pre-trial proceedings. After conducting a case management conference, the parties have agreed to the following case management deadlines:

    a.    The parties have agreed to the following with regard to the disclosure of expert witnesses:

        i.    Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Indiana Trial Rule 26 (b), on or

before **July 13, 2020**.  For purposes of this Joint Case Management Order, treating physicians shall not be considered expert witnesses, but Plaintiffs shall disclose said treating physician opinions as outlined in Indiana Trial Rule 26 (b).

ii.  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Indiana Trial Rule  on or before **30 days after Plaintiffs'** expert disclosures; or if Plaintiffs have disclosed no experts, Defendant shall make its experts disclosures on or before **August 12, 2020**.

iii.  Notwithstanding the provisions of paragraph 1(c)(ii), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motion deadline and related briefing deadlines.  Any proposed modifications of the Joint Case Management Order deadlines or briefing schedule, must be approved by the Court.

b.  Dispositive Motions shall be filed on or before **September 13, 2020**; responses are to be filed within 30 days;

    c.      Any party who believes that bifurcation is appropriate with respect to any issue or claim at trial in any of the consolidated cases shall notify the Court soon as practicable but no later than **September 13, 2020.**

    d.      The parties agree to discovery cutoffs as follows:

        i.  T.R. 35 medical examinations shall be completed and reports disclosed on or before **July 6, 2020**;

        ii.  Non-expert witness discovery and discovery related to liability issues shall be completed by **August 5, 2020;**

        iii.  Expert discovery and discovery related to damages shall be completed by **July 15, 2020**; and

        iv.  Video depositions in lieu of live testimony shall be concluded by **August 14, 2020**.

2.    <u>Likelihood of Mediation and Settlement</u>.  The parties have scheduled mediation as required by the Marion County Local Rules to be completed by **July 6, 2020.** The parties will report to the Court at the conclusion of mediation.

3.    <u>Trial Schedule</u>

    i.    <u>Final Witness & Exhibit List:</u> All parties shall file final witness and exhibit lists no later than 60 days before trial;

    ii.    <u>Motions to Exclude/Limit Experts:</u> Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 90 days before trial.

iii.  <u>Motions in Limine:</u>  Motions in Limine shall be filed no later than 14 days before final pre-trial conference.  Responses to Motions in Limine shall be filed no later than seven days before final pre-trial conference.

iv.  <u>Final Pre-Trial</u>:  The Final Pre-Trial conference has been scheduled for **August 31, 2020**, at  <span style="color:red">**12:00 p.m.**</span>

v.  Trial has been set for three (3) days beginning **September 29, 2020, at 9:00 a.m.**

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ James H. Milstone*
James H. Milstone (#10460-02)
550 Congressional BLvd. Suite 310
Carmel, Indiana 46032
Tel.: 317/818-1360
Fax: 317/818-1390
Email: jhmilstone@kopkalaw.com

*Attorney for Defendant Noble Transport*


BOSE MCKINNEY & EVANS, LLP

*/s/ Steven D. Groth (with permission)*
Steven D. Groth, (#17643-71)
Ronald E. Elberger, (#6675-49)
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Tel.: 317/684-5115
Fax: 317/223-0115
Email: sgroth@boselaw.com
Email: relberger@boselaw.com

*Attorneys for Plaintiffs, Garrett Holland and Triniuty Brady*


APPROVED  AND  SO  ORDERED  BY  THE  COURT  this  <u>17th</u>  day  of  <u>April</u>, 2020.

<u>Jim Oakes</u>
JUDGE, Marion County Superior Court

Distribution to parties via IEFS

4

81625

STATE OF INDIANA                              IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

GARRETT HOLLAND,
    Plaintiff,

v.                                                              CONSOLIDATED
                                                               CAUSE NOS. 49D02-1802-CT-4455
NOBLE TRANSPORT, LLC,                                                     49D02-1802-CT-4456
    Defendant.                                                      49D02-1802-CT-4460

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
    Plaintiff,

v.

NOBLE TRANSPORT, LLC,
    Defendant.

## PRAECIPE FOR STATUS CONFERENCE

    COMES NOW the defendant, Noble Transport, LLC, by counsel, James H. Milstone of

Kopka Pinkus Dolin, P.C., and pursuant to Rule 7 of the Indiana Rules of Trial Procedure praecipes

the Court to set this cause of action for a status conference.

              Respectfully Submitted,

              KOPKA PINKUS DOLIN PC


              */s/ James H. Milstone*
              James H. Milstone (#10460-02)
              Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2020, a copy of the foregoing was filed electronically.  Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system.

Ronald E. Elberger
relberger@boselaw.com

Steven D. Groth
sgroth@boselaw.com

*/s/ James H. Milstone*

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:     317-818-1360
Facsimile:     317-818-1390

81625

STATE OF INDIANA

COUNTY OF MARION

GARRETT HOLLAND,
    Plaintiff,

v.

NOBLE TRANSPORT, LLC,
    Defendant.

_____

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
    Plaintiff,

v.

NOBLE TRANSPORT, LLC,
    Defendant.

IN THE MARION SUPERIOR COURT NO. 2

**F I L E D**

June 3, 2020

*Myla A. Eldridge*

CLERK OF THE COURT
MARION COUNTY
PH

CONSOLIDATED
CAUSE NOS. 49D02-1802-CT-4455
             49D02-1802-CT-4456
             49D02-1802-CT-4460

**GRANTED**
June 3, 2020

## ORDER ON DEFENDANT'S
## PRAECIPE FOR STATUS CONFERENCE

COMES NOW the defendant, Noble Transport, LLC, by counsel, James H. Milstone of

Kopka Pinkus Dolin PC, and files its *Praecipe for Status Conference.*

THE COURT, having examined said Praecipe and being duly advised in the premises,

now GRANTS Defendant's Praecipe for status conference. This matter is scheduled for a status

conference on the ___8th__ day of _____July____, 2020 at __10:00__ o'clock _a_.m.

**SO ORDERED THIS _3rd_ DAY OF _____June_____, 2020.**

_____
JUDGE, Marion Superior Court

Distribution via IEFS

81625

STATE OF INDIANA                                   IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

**F I L E D**

August 13, 2020
CLERK OF THE COURT
MARION COUNTY
PH

GARRETT HOLLAND,
      Plaintiff,

v.

NOBLE TRANSPORT, LLC,
      Defendant.

CONSOLIDATED
CAUSE NOS. 49D02-1802-CT-4455
                  49D02-1802-CT-4456
                  49D02-1802-CT-4460

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
      Plaintiff,

v.

NOBLE TRANSPORT, LLC,
      Defendant.

GRANTED
August 13, 2020

## AMENDED JOINT CASE MANAGEMENT ORDER

Pursuant to the Marion County Local Rule LR49-TR16-207(B), the parties set forth the

following amended joint case management order for the Court's consideration and, if appropriate,

approval:

1.      <u>Consolidated Discovery Schedule:</u>  Pursuant to the Court's October 7, 2019 Order,

the above cases have been consolidated for the sole purpose of discovery and pre-trial proceedings.

After conducting a case management conference, the parties have agreed to the following case

management deadlines:

      a.      All motions for leave to amend pleadings and/or join additional parties shall

            be filed on or before **February 17, 2021**;

      b.      The parties have agreed to the following with regard to the disclosure of

            expert witnesses:

i.  Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Indiana Trial Rule 26 (b), on or before **April 15, 2021**.  For purposes of this Joint Case Management Order, treating physicians shall not be considered expert witnesses, but Plaintiffs shall disclose said treating physician opinions as outlined in Indiana Trial Rule 26 (b).

ii.  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Indiana Trial Rule  on or before **30 days after Plaintiffs'** expert disclosures; or if Plaintiffs have disclosed no experts, Defendant shall make its experts disclosures on or before **May 17, 2021**.

iii.  Notwithstanding the provisions of paragraph 1(c)(ii), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motion deadline and related briefing deadlines.  Any proposed modifications of the Joint Case Management Order deadlines or briefing schedule, must be approved by the Court.

     c.     Dispositive Motions shall be filed on or before **June 15, 2021**; responses are to be filed within 30 days;

     d.     Any party who believes that bifurcation is appropriate with respect to any issue or claim at trial in any of the consolidated cases shall notify the Court soon as practicable but no later than **June 15, 2021.**

     e.     The parties agree to discovery cutoffs as follows:

        i.  T.R. 35 medical examinations shall be completed and reports disclosed on or before **April 30, 2021**;

       ii.  Non-expert witness discovery and discovery related to liability issues shall be completed by **April 30, 2021;**

      iii.  Expert discovery and discovery related to damages shall be completed by **July 15, 2021**; and

      iv.  Video depositions in lieu of live testimony shall be concluded by **August 14, 2021**.

2.    <u>Likelihood of Mediation and Settlement</u>.  The parties will schedule mediation as required by the Marion County Local Rules**.** The parties have agreed to Pete Schroeder as mediator and are in the process of scheduling mediation.   The parties will report to the Court at the conclusion of mediation.

3.    <u>Trial Schedule</u>

        i.  <u>Final Witness & Exhibit List:</u> All parties shall file final witness and exhibit lists no later than 60 days before trial;

ii.      <u>Motions to Exclude/Limit Experts:</u> Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 90 days before trial.

iii.     <u>Motions in Limine:</u>  Motions in Limine shall be filed no later than 14 days before final pre-trial conference.  Responses to Motions in Limine shall be filed no later than seven days before final pre-trial conference.

iv.     <u>Final Pre-Trial</u>:  The Final Pre-Trial conference has been scheduled for **August 16, 2021 at 10:45 a.m.**

v.      Trial is scheduled for (4) days, beginning **September 14, 2021 at 9:00 a.m.**

[This portion intentionally left blank]

Respectfully Submitted,

KOPKA PINKUS DOLIN PC                    BOSE MCKINNEY & EVANS, LLP


/s/ James H. Milstone                    /s/ Steven D. Groth (with permission)
James H. Milstone (#10460-02)            Steven D. Groth, (#17643-71)
550 Congressional BLvd. Suite 310        Ronald E. Elberger, (#6675-49)
Carmel, Indiana 46032                    111 Monument Circle, Suite 2700
Tel.: 317/818-1360                       Indianapolis, Indiana 46204
Fax: 317/818-1390                        Tel.: 317/684-5115
Email: jhmilstone@kopkalaw.com           Fax: 317/223-0115
                                         Email: sgroth@boselaw.com
*Attorney for Defendant Noble Transport*  Email: relberger@boselaw.com

                                         *Attorneys for Plaintiffs, Garrett Holland and*
                                         *Triniuty Brady*


APPROVED AND SO ORDERED BY THE COURT this ___13th___ day of

___August___, 2020.


_____
JUDGE, Marion County Superior Court


Distribution to parties via IEFS

STATE OF INDIANA       )    IN THE MARION COUNTY SUPERIOR COURT
                            ) SS:
COUNTY OF MARION      )    CAUSE NO. 49D02-1802-CT-4455

GARRETT HOLLAND,       )
                             )
      Plaintiff,             )
                             )
      v.                     )
                             )
NOBLE TRANSPORT, LLC,    )
                             )
      Defendant.        )
_____ )
TRINITY BRADY, by and through )
her next friend, JAMIE BRADY,    )
and VINCENT BRADY, II, by and )
through their next friends, VINCENT )
AND JAMIE BRADY,       )
                             )
      Plaintiffs,         )
                             )
      v.                     )
                             )
NOBLE TRANSPORT, LLC,    )
                             )
      Defendant.        )

## **REPORT OF MEDIATION**

This case was mediated on April 6, 2021, and a settlement was not reached.

NORRIS CHOPLIN SCHROEDER LLP

*/s/Peter A. Schroeder*
Peter A. Schroeder (#1587-49)
Mediator

NORRIS CHOPLIN SCHROEDER LLP
101 West Ohio Street / Ninth Floor
Indianapolis, IN 46204-4213
317-269-9330; Fax: 317-269-9338

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served by GreenFiling electronic service on April 14, 2021, upon:

Ronald E. Elberger                         James H. Milstone
Steven D. Groth                            Melissa J. Wray
BOSE MCKINNEY & EVANS, LLP                 KOPKA PINKUS DOLIN, PC
111 Monument Circle, Suite 2700            550 Congressional Blvd., Suite 310
Indianapolis, IN  46204                    Carmel, IN  46032


*/s/Peter A. Schroeder*
Peter A. Schroeder

STATE OF INDIANA                    IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

GARRETT HOLLAND,
        Plaintiff,

v.                                              CONSOLIDATED
                                                CAUSE NOS. 49D02-1802-CT-4455
NOBLE TRANSPORT, LLC,                                      49D02-1802-CT-4456
        Defendant.

TRINITY BRADY
        Plaintiff,

v.

NOBLE TRANSPORT, LLC,
        Defendant.

### PLAINTIFFS' MOTION TO VACATE TRIAL
### AND  FINAL PRETRIAL CONFERENCE DATES

Come now the Plaintiffs, Garrett Holland and Trinity Brady, by counsel, and respectfully request this Court to continue the trial presently set for September 14, 2021, and the final pretrial conference presently set for August 16, 2021.  In support of this Motion, the Plaintiffs state as follows:

1.      The parties recently attempted to resolve this matter at mediation.  It was the first attempt at mediation.  The mediation was unsuccessful.

2.      Following the mediation, the parties agree a motion to continue the trial would be appropriate.

3.      The reason for the continuance is for the parties to conduct additional discovery based on issues that could not be resolved at mediation, but might be resolved with additional discovery.

4.      No party will be prejudiced by the continuance.

5.      Upon the granting of a continuance, the parties will submit a revised Case Management Plan based on the new dates for the trial and final pretrial conference.

6.      The Plaintiffs have not filed a previous motion for continuance.

7.      Counsel for the Defendant has been advised of this motion and has no objection.

WHEREFORE, Plaintiffs, Garrett Holland and Trinity Brady, by counsel, respectfully move this Court for an order vacating the currently scheduled trial date of September 14, 2021, and the final pretrial conference currently scheduled for August 16, 2021, to set new dates convenient to the Court and counsel, and for all other relief proper in the circumstances.

Respectfully submitted,

*/s/ Steven D. Groth*
Ronald E. Elberger (Atty. No. 6675-49)
Steven D. Groth (Atty. No. 17643-71)

Attorney for Plaintiffs, Garrett Holland and Trinity Brady

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
317-684-5000
317-684-5173 fax
relberger@boselaw.com
sgroth@boselaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing served upon the following counsel of record by first class, United States mail, postage prepaid, this 23rd day of April, 2021:

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032

*/s/ Steven D. Groth*
Ronald E. Elberger (Atty. No. 6675-49)
Steven D. Groth (Atty. No. 17643-71)

STATE OF INDIANA                    IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

GARRETT HOLLAND,                              **GRANTED**
      Plaintiff,                              April 26, 2021

v.                                     CONSOLIDATED
                                       CAUSE NOS. 49D02-1802-CT-4455
NOBLE TRANSPORT, LLC,                              49D02-1802-CT-4456
      Defendant.

_____        **F I L E D**

TRINITY BRADY                              April 26, 2021
      Plaintiff,                       CLERK OF THE COURT
                                          MARION COUNTY
v.                                              PH

NOBLE TRANSPORT, LLC,
      Defendant.

_____

## ORDER GRANTING PLAINTIFFS' MOTION TO VACATE
## TRIAL AND  FINAL PRETRIAL CONFERENCE

Come now the Plaintiffs, Garrett Holland and Trinity Brady, by counsel, and move this court to vacate the trial presently set for September 14, 2021, and the final pretrial conference presently set for August 16, 2021; and the Court, being duly advised, hereby finds that said Motion should be, and it hereby is, GRANTED.

IT IS, THEREFORE, ORDERED that the final pretrial conference presently set for August 16, 2021, and the trial presently set for September 14, 2021, are VACATED.  All exiting Case Management dates are VACATED.

IT IS FURTHER ORDERED that the final pretrial conference shall be held on the __12th__ day of ___September___, 20_22_ at ____9:30____ a.m and the trial shall be held on the __11th__ day of ___October___, 20_22_.  (4 days)

IT IS FURTHER ORDERED that the parties shall submit a revised Case Management Plan within _45_ days of this Order to accommodate the new final pretrial and trial settings.

SO ORDERED this 26th day of ____April____, 2021.

_____
Timothy Oakes, Judge
Marion Superior Court 2

DISTRIBUTION HAS BEEN MADE
TO ALL COUNSEL OF RECORD VIA
THE INDIANA E-FILING SERVICE

F I L E D
May 13, 2021
CLERK OF THE COURT
MARION COUNTY
PH

STATE OF INDIANA

COUNTY OF MARION

GARRETT HOLLAND,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC,
     Defendant.

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC,
     Defendant.

IN THE MARION SUPERIOR COURT NO. 2

**GRANTED**
May 12, 2021

CONSOLIDATED
CAUSE NOS. 49D02-1802-CT-4455
                      49D02-1802-CT-4456

## <u>AMENDED JOINT CASE MANAGEMENT ORDER</u>

Pursuant to the Court's Order of April 26, 2021, the parties submit the following amended

joint case management order for the Court's consideration and, if appropriate, approval:

1.    <u>Consolidated Discovery Schedule:</u>  Pursuant to the Court's October 7, 2019 Order,

the above cases have been consolidated for the purpose of discovery and pre-trial proceedings.  The

parties have agreed to the following consolidated case management deadlines:

      a.    Motions to amend the pleadings shall be filed on or before **June 1, 2021.**

      b.    Disclosure of expert witnesses:

          i.  Plaintiffs shall disclose the name, address, and vita of any expert witness,

              and shall serve the report required by Indiana Trial Rule 26 (b), on or

              before **April 30, 2022**.  For purposes of this Joint Case Management

              Order, treating physicians shall not be considered expert witnesses, but

Plaintiffs shall disclose said treating physician opinions as outlined in Indiana Trial Rule 26 (b).

ii.   Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Indiana Trial Rule on or before **30 days after Plaintiffs'** expert disclosures; or if Plaintiffs have disclosed no experts, Defendant shall make its experts disclosures on or before **May 31, 2022**.

iii.   Notwithstanding the provisions of paragraph 1(c)(ii), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motion deadline and related briefing deadlines.  Any proposed modifications of the Joint Case Management Order deadlines or briefing schedule, must be approved by the Court.

c.   Dispositive Motions shall be filed on or before **March 1, 2022**; responses are to be filed within 30 days;

d.      Any party who believes that bifurcation is appropriate with respect to any issue or claim at trial in any of the consolidated cases shall notify the Court soon as practicable but no later than **June 1, 2022.**

e.      The parties agree to discovery cutoffs as follows:

i.   T.R. 35 medical examinations shall be completed and reports disclosed on or before **April 30, 2022**;

ii.  Non-expert witness discovery and discovery related to liability issues shall be completed by **August 1, 2022;**

iii. Expert discovery and discovery related to damages shall be completed by **August 1, 2022**; and

iv.  Video depositions in lieu of live testimony shall be concluded by **August 31, 2022**.

2.      <u>Likelihood of Mediation and Settlement</u>.  The parties have conducted mediation as required by the Marion County Local Rules, and may seek to conduct additional mediation sessions. The parties will report to the Court at the conclusion of mediation.

3.      <u>Trial Schedule</u>

i.      <u>Final Witness & Exhibit List:</u> All parties shall file final witness and exhibit lists no later than 60 days before trial;

ii.     <u>Motions to Exclude/Limit Experts:</u> Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 90 days before trial.

    iii.      <u>Motions in Limine:</u>  Motions in Limine shall be filed no later than 14 days before final pre-trial conference.  Responses to Motions in Limine shall be filed no later than seven days before final pre-trial conference.

    iv.      <u>Final Pre-Trial</u>:  The Final Pre-Trial conference has been scheduled for **September 12, 2022**, **at 9:30 a.m**.

    v.      The Trial has been set for four days, to start on Tuesday, **October 11, 2022.**

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

*/s/ James H. Milstone*
James H. Milstone (#10460-02)
Melissa Joanne Wray (#23802-64)
550 Congressional Blvd. Suite 310
Carmel, Indiana 46032
Tel.: 317/818-1360
Fax: 317/818-1390
Email: jhmilstone@kopkalaw.com
Email: mjwray@kopkalaw.com

*Attorneys for Defendant Noble Transport*

BOSE MCKINNEY & EVANS, LLP

*/s/ Steven D. Groth (with permission)*
Steven D. Groth, (#17643-71)
Ronald E. Elberger, (#6675-49)
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Tel.: 317/684-5115
Fax: 317/223-0115
Email: sgroth@boselaw.com
Email: relberger@boselaw.com

*Attorneys for Plaintiffs, Garrett Holland and Trinity Brady*

APPROVED AND SO ORDERED BY THE COURT this   12th   day of May, 2021.

JUDGE, Marion County Superior Court

Distribution to parties via IEFS

4

Filed: 5/3/2021 5:57 PM
Clerk
Marion County, Indiana

STATE OF INDIANA

COUNTY OF MARION

IN THE MARION SUPERIOR COURT NO. 2

GARRETT HOLLAND,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC
     Defendant.

_____

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC,
     Defendant.

CONSOLIDATED
CAUSE NO. 49D02-1802-CT-4455

## **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs, Garrett Holland ("Holland") and Trinity Brady ("Brady"), by counsel, move this Court for an Order granting leave to file an Amended Complaint in this matter, and in support hereof state:

1.     The existing Complaint asserts a claim for negligence against the Defendant, Noble Transport, LLC ("Noble Transport") based on vicarious liability for the actions of Iordon Velkov.

2.     The parties recently filed a jointly prepared Case Management Plan, approved by the Court, which allows that any motions to amend the pleadings shall be filed on or before June 1, 2021.

3.     The Plaintiffs seek to add a claim against Noble Transport based on Noble Transport's own negligent actions in connection with the hiring and retention of Iordon Velkov.

4.      In addition, the Plaintiffs seek to add a claim of gross negligence against Noble Transport.

5.      Plaintiff Holland was an insured person at the time of the accident under an excess liability policy issued by AIG Property Casualty Company ("AIG"), and Holland seeks to pursue UIM benefits to which he is entitled under the AIG Policy.  Accordingly AIG is being added as a Defendant.

6.      Finally, the Amended Complaint includes Trinity Brady in the caption as an adult, and not by and through her next friend, as she has reached the age of majority.

7.      The Defendant, Noble Transport, will not be prejudiced by the amendment.

8.      The Amended Complaint is attached hereto as Exhibit A.

WHEREFORE, Plaintiffs, Garrett Holland and Trinity Brady, by counsel, respectfully request this Court to enter an order granting leave to file the Amended Complaint, and for all other relief the Court deems proper.

Respectfully submitted,

*/s/ Steven D. Groth*
Ronald E. Elberger (Atty. No. 6675-49)
Steven D. Groth (Atty. No. 17643-71)

Attorney for Plaintiff, Garrett Holland

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
317-684-5000
317-684-5173 fax
relberger@boselaw.com
sgroth@boselaw.com

2

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing served upon the following counsel of record by first class, United States mail, postage prepaid, this 20th day of May, 2021:

James H. Milstone
Melissa J. Wray
KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032

<u>/s/ Steven D. Groth</u>
Ronald E. Elberger (Atty. No. 6675-49)
Steven D. Groth (Atty. No. 17643-71)

Attorney for Plaintiff, Garrett Holland

4092126/7373.20

Filed: 5/7/2021 5:57 PM
Clerk
Marion County, Indiana

STATE OF INDIANA          IN THE MARION SUPERIOR COURT NO. 2

COUNTY OF MARION

| | |
|---|---|
| GARRETT HOLLAND,<br>     Plaintiff,<br><br>v.<br><br>NOBLE TRANSPORT, LLC and AIG<br>PROPERTY CASUALTY COMPANY<br>     Defendants.<br><br>TRINITY BRADY<br>     Plaintiff,<br><br>v.<br><br>NOBLE TRANSPORT, LLC,<br>     Defendant. | CONSOLIDATED<br>CAUSE NO. 49D02-1802-CT-4455 |

## **AMENDED COMPLAINT**

Plaintiff, Garrett Holland, ("Holland"), and Trinity Brady ("Brady") by counsel, for their Amended Complaint against Noble Transport, LLC ("Noble Transport") and AIG Property Casualty Company ("AIG"), state:

1.       Holland is a resident of Marion County, State of Indiana, and a citizen of Indiana.

2.       Brady is a resident of Marion County, State of Indiana, and a citizen of Indiana.

3.       Noble Transport, LLC, is a limited liability company with its principal place of business in Des Plains, Illinois.

4.       Noble Transport is a commercial motor carrier.

5.       Noble Transport operates as a for-hire carrier under authority from the U.S. Department of Transportation ("DOT").

6.       Noble Transport operates commercial motor vehicles in Indiana.

1

7.      On February 7, 2016, Holland was driving a vehicle south on I-65 in Marion County, Indiana.

8.      Brady was the front seat passenger of the Holland vehicle.

9.      On February 7, 2016, a 2005 Freightliner truck ("the Noble Transport truck") was operating under the DOT authority of Noble Transport.

10.     The Noble Transport truck was being driven by Iordan Velkov ("Velkov").

11.     Velkov was driving under the DOT authority of Noble Transport.

12.     At said time and place, Velkov lost control of the Noble Transport truck.

13.     The Noble Transport Truck operated by Velkov tipped over and smashed onto the Holland vehicle.

14.     Noble Transport is liable for Velkov's actions at the time of the collision.

## COUNT I – NEGLIGENCE

15.     Plaintiffs incorporate herein paragraphs 1 through 14 above as if fully restated herein.

16.     Noble Transport was negligent in its hiring and retention of Velkov.

17.     Noble Transport's negligent hiring and retention of Velkov caused or contributed to the collision with Holland's vehicle.

18.     As a result of the collision, Holland and Brady suffered serious personal injuries, both physical and psychological, which are continuing in nature and which may be permanent.

19.     As a result of the collision, Holland and Brady have endured medical treatment and incurred medical expenses.

## COUNT II – NEGLIGENCE – VICARIOUS

20.     Plaintiffs incorporate herein paragraphs 1 through 19 above as if fully restated herein.

21.     Noble Transport is liable for the actions of Velkov while Velkov was driving under Noble Transport's DOT authority.

22.     Velkov's actions in operating the Noble Transport truck on February 6, 2016, were negligent.

23.     Velkov's actions caused or contributed to the collision with the Holland vehicle.

24.     As a result of the collision, Holland and Brady suffered serious personal injuries, both physical and psychological, which are continuing in nature and which may be permanent.

25.     As a result of the collision, Holland and Brady have endured medical treatment and incurred medical expenses.

## COUNT III – GROSS NEGLIGENCE

26.     Plaintiffs incorporate herein paragraphs 1 through 25 above as if fully restated herein.

27.     Velkov violated multiple laws and DOT regulations while driving for Noble Transport.

28.     Noble Transport was aware of some of Velkov's violations prior to the collision with the Holland vehicle.

29.     Despite the knowledge of Velkov's violations, Noble Transport continued to allow Velkov to drive under its DOT authority.

30.     Noble Transport acted with reckless disregard for the safety of others in retaining Velkov.

31.     Noble Transport's actions constitute gross negligence, justifying the award of punitive damages.

32.     Noble Transport's actions in retaining Velkov caused or contributed to the collision with the Holland vehicle.

3

33.     As a result of the gross negligence of Noble Transport, Holland and Brady are entitled to recover punitive damages.

WHEREFORE, Plaintiffs, Garrett Holland and Trinity Brady, by counsel, pray for judgment in their favor and against Noble Transport, LLC in an amount sufficient to reimburse them for their injuries, expenses, pain and suffering, punitive damages, and for all other relief proper in the premises.

### COUNT IV – UNDERINSURED MOTORIST CLAIM AGAINST AIG

34.     Plaintiff Garrett Holland incorporates herein paragraphs 1 through 33 above as if fully restated herein.

35.     On February 7, 2016, Dr. Woodrow Myers, Jr. was the named insured on a personal excess liability policy, number PCG 0038408210, issued by AIG Property Casualty Company ("AIG").

36.     The AIG policy had a policy period of 2/15/2015 to 2/15/2016.

37.     The AIG policy provided underinsured motorist coverage.

38.     On February 7, 2016, Holland was the step-son of Dr. Woodrow Myers, Jr.

39.     Holland was and is related to Dr. Woodrow Myers, Jr. by marriage.

40.     Holland was an insured person under the AIG policy on February 7, 2016.

41.     Holland suffered bodily injury on February 7, 2016.

42.     The crash between the Noble Transport truck and the Holland vehicle constitutes an occurrence that occurred during the policy period of the AIG policy.

43.     Holland is entitled to underinsured motorist benefits under the AIG policy.

WHEREFORE, Plaintiff, Garrett Holland, by counsel, prays for judgment in his favor and against AIG Property Casualty Company in an amount sufficient to reimburse him for his injuries, his expenses, his pain and suffering, and for all other relief proper in the premises.

Respectfully submitted,

*/s/ Steven D. Groth*

Ronald E. Elberger (Atty. No. 6675-49)
Steven D. Groth (Atty. No. 17643-71)

Attorney for Plaintiff, Garrett Holland

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
317-684-5000
317-684-5173 fax
relberger@boselaw.com
sgroth@boselaw.com

4092116/7373.20

STATE OF INDIANA

COUNTY OF MARION

IN THE MARION SUPERIOR COURT NO. 2

GARRETT HOLLAND,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC  and AIG
PROPERTY CASUALTY COMPANY
     Defendants.

CONSOLIDATED
CAUSE NO. 49D02-1802-CT-4455

**GRANTED**
June 7, 2021

**F I L E D**
June 7, 2021
CLERK OF THE COURT
MARION COUNTY
BS

TRINITY BRADY, by and through her next
friend, JAMIE BRADY,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC,
     Defendant.

<u>**ORDER GRANTING MOTION**</u>
<u>**FOR LEAVE TO FILE AMENDED COMPLAINT**</u>

     Plaintiffs, Garrett Holland ("Holland") and Trinity Brady ("Brady"), by counsel, having filed their *Motion for Leave to File Amended Complaint*, and the Court being duly advised, now finds that said Motion should be, and hereby is, GRANTED.

     IT IS THEREFORE ORDERED that the Amended Complaint attached as Exhibit A to Plaintiffs' Motion will be accepted for filing and deemed filed as of the date of this Order.

**June 7, 2021**

Dated: _____

_____
Hon. Timothy W. Oakes
Marion County Superior Court

Distribution to counsel of record via IEFS

81625

STATE OF INDIANA

COUNTY OF MARION

IN THE MARION SUPERIOR COURT NO. 2

GARRETT HOLLAND,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC, and
AIG PROPERTY CASUALTY COMPANY,
     Defendants.

TRINITY BRADY,
     Plaintiff,

v.

NOBLE TRANSPORT, LLC,
     Defendant.

CONSOLIDATED
CAUSE NO. 49D02-1802-CT-4455

### DEFENDANT NOBLE TRANSPORT, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Comes now Defendant, Noble Transport, LLC, by counsel, James H. Milstone, and for its answer to Plaintiffs' Amended Complaint, states:

1.     Holland is a resident of Marion County, State of Indiana, and a citizen of Indiana.

**ANSWER: Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 1 of Plaintiffs' Amended Complaint, and therefore denies same.**

2.     Brady is a resident of Marion County, State of Indiana, and a citizen of Indiana.

**ANSWER: Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 2 of Plaintiffs' Amended Complaint, and therefore denies same.**

3.      Noble Transport, LLC, is a limited liability company with its principal place of business in Des Plaines, Illinois.

**ANSWER:  Defendant admits the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.**

4.      Noble Transport is a commercial motor carrier.

**ANSWER:  Defendant admits the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.**

5.      Noble Transport operates as a for-hire carrier under authority from the U.S. Department of Transportation ("DOT").

**ANSWER:  Defendant admits the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.**

6.      Noble Transport operates commercial motor vehicles in Indiana.

**ANSWER:  Defendant admits the allegations in Paragraph 6 of Plaintiffs' Amended Complaint.**

7.      On February 7, 2016, Holland was driving a vehicle south on I-65 in Marion County, Indiana.

**ANSWER:  Defendant admits the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.**

8.      Brady was the front seat passenger of the Holland vehicle.

**ANSWER:  Defendant admits the allegations in Paragraph 8 of Plaintiffs' Amended Complaint.**

9.      On February 7, 2016, a 2005 Freightliner truck ("the Noble Transport truck") was operating under the DOT authority of Noble Transport.

**ANSWER:  Defendant admits the allegations in Paragraph 9 of Plaintiffs' Amended Complaint.**

10.     The Noble Transport truck was being driven by Iordan Velkov ("Velkov").

**ANSWER:  Defendant admits the allegations in Paragraph 10 of Plaintiffs' Amended Complaint.**

11.     Velkov was driving under the DOT authority of Noble Transport.

**ANSWER:  Defendant admits the allegations in Paragraph 11 of Plaintiffs' Amended Complaint.**

12.     At said time and place, Velkov lost control of the Noble Transport truck.

**ANSWER:  Defendant admits the allegations in Paragraph 12 of Plaintiffs' Amended Complaint.**

13.     The Noble Transport truck operated by Velkov tipped over and smashed onto the Holland vehicle.

**ANSWER:  Defendant admits the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.**

14.     Noble Transport is liable for Velkov's actions at the time of the collision.

**ANSWER:  Defendant admits the allegations in Paragraph 14 of Plaintiffs' Amended Complaint to the extent that Noble Transport is responsible for any negligence attributed to Mr. Velkov for the accident.**

<u>COUNT I – NEGLIGENCE</u>

15.     Plaintiffs incorporate herein paragraphs 1 through 14 above as if fully restated herein.

**ANSWER:  Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 14 of Plaintiffs' Amended Complaint as if fully restated.**

16.     Noble Transport was negligent in its hiring and retention of Velkov.

**ANSWER:  Defendant denies the allegations in Paragraph 16 of Plaintiffs' Amended Complaint, and asserts that Mr. Velkov was not employed by Noble Transport LLC but rather by Angel Transportation, Inc.**

17.     Noble Transport's negligent hiring and retention of Velkov caused or contributed to the collision with Holland's vehicle.

**ANSWER:  Defendant denies the allegations in Paragraph 17 of Plaintiffs' Amended Complaint.**

18.     As a result of the collision, Holland and Brady suffered serious personal injuries, both physical and psychological, which are continuing in nature and which may be permanent.

**ANSWER:  Defendant admits that Mr. Holland and Ms. Brady suffering injuries in the accident, but contests that nature and extent of the injuries they claim, and thus denies the balance of allegations in Paragraph 18 of Plaintiffs' Amended Complaint.**

19.     As a result of the collision, Holland and Brady have endured medical treatment and incurred medical expenses.

**ANSWER:  Defendant admits that Mr. Holland and Ms. Brady required medical tratement and incurred medical expenses as a result of this accident, but contests that nature and extent of the injuries they claim, and thus denies the balance of allegations in Paragraph 19 of Plaintiffs' Amended Complaint.**

<u>COUNT II – NEGLIGENCE – VICARIOUS</u>

20.     Plaintiffs incorporate herein paragraphs 1 through 19 above as if fully restated herein.

**ANSWER:  Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 19 of Plaintiffs' Amended Complaint as if fully restated.**

21.     Noble Transport is liable for the actions of Velkov while Velkov was driving under Noble Transport's DOT authority.

**ANSWER:  Defendant admits the allegations in Paragraph 21 of Plaintiffs' Amended Complaint to the extent that Noble Transport is responsible for any negligence attributed to Mr. Velkov for the accident.**

22.     Velkov's actions in operating the Noble Transport truck on February 6, 2016, were negligent.

**ANSWER:  Defendant denies the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.**

23.     Velkov's actions caused or contributed to the collision with the Holland vehicle.

**ANSWER:  Defendant denies the allegations allegations in Paragraph 23 of Plaintiffs' Amended Complaint.**

24.     As a result of the collision, Holland and Brady suffered serious personal injuries, both physical and psychological, which are continuing in nature and which may be permanent.

**ANSWER:  Defendant admits that Mr. Holland and Ms. Brady suffering injuries in the accident, but contests that nature and extent of the injuries they claim, and thus denies the balance of allegations in Paragraph 24 of Plaintiffs' Amended Complaint.**

25.     As a result of the collision, Holland and Brady have endured medical treatment and incurred medical expenses.

**ANSWER:  Defendant admits that Mr. Holland and Ms. Brady required medical tratement and incurred medical expenses as a result of this accident, but contests that nature and extent of the injuries they claim, and thus denies the balance of allegations in Paragraph 25 of Plaintiffs' Amended Complaint.**

<u>COUNT III – GROSS NEGLIGENCE</u>

26.     Plaintiffs incorporate herein paragraphs 1 through 25 above as if fully estated herein.

**ANSWER:  Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 25 of Plaintiffs' Amended Complaint as if fully restated.**

27.     Velkov violated multiple laws and DOT regulations while driving for Noble Transport.

**ANSWER:  Defendant denies that Mr. Velkov was in violation of any law or DOT regulation at any time relevant to this accident, admits that Mr. Velkov had several unrelated traffic infractions and minor DOT violations before this accident that are not related to this accident as is common in the driving public.**

28.     Noble Transport was aware of some of Velkov's violations prior to the collision with the Holland vehicle.

**ANSWER:  Defendant admits the allegations in Paragraph 28 of Plaintiffs' Amended Complaint.**

29.     Despite the knowledge of Velkov's violations, Noble Transport continued to allow Velkov to drive under its DOT authority.

**ANSWER:  Defendant responds that the allegation includes an incorrect assumption in that it suggests that all drivers with violations are dangerous and should not be alleged to driver.  To the contrary, most drivers have some violations, and are not a safety risk.  On this basis, the Defendant  denies the allegations in Paragraph 29 of Plaintiffs' Amended Complaint.**

30.     Noble Transport acted with reckless disregard for the safety of others in retaining Velkov.

**ANSWER:  Defendant denies the allegations in Paragraph 30 of Plaintiffs' Amended Complaint in so far as Mr. Velkov was not a safety risk to others, and also that Noble Transport did not retain him, but rather he was an employee of Angel Transportation, Inc.**

31.     Noble Transport's actions constitute gross negligence, justifying the award of punitive damages.

**ANSWER:  Defendant denies the allegations in Paragraph 31 of Plaintiffs' Amended Complaint.**

32.     Noble Transport's actions in retaining Velkov caused or contributed to the collision with the Holland vehicle.

**ANSWER:  Defendant denies the allegations in Paragraph 32 of Plaintiffs' Amended Complaint.**

33.     As a result of the gross negligence of Noble Transport, Holland and Brady are entitled to recover punitive damages.

**ANSWER:  Defendant denies the allegations in Paragraph 33 of Plaintiffs' Amended Complaint.**

<u>COUNT IV – UNDERINSURED MOTORIST CLAIM AGAINST AIG</u>

34.     Plaintiff Garrett Holland incorporates herein paragraphs 1 through 33 above as if fully restated herein.

**ANSWER:  Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 33 of Plaintiffs' Amended Complaint as if fully restated.**

35.     On February 7, 2016, Dr. Woodrow Myers, Jr. was the named insured on a personal excess liability policy, number PCG 0038408210, issued by AIG Property Casualty Company ("AIG").

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 35 of Plaintiffs' Amended Complaint, and therefore denies same.**

36.     The AIG policy had a policy period of 2/15/2015 to 2/15/2016.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 36 of Plaintiffs' Amended Complaint, and therefore denies same.**

37.     The AIG policy provided underinsured motorist coverage.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 37 of Plaintiffs' Amended Complaint, and therefore denies same.**

38.     On February 7, 2016, Holland was the step-son of Dr. Woodrow Myers, Jr.

**ANSWER:  Defendant admits the allegations in Paragraph 38 of Plaintiffs' Amended Complaint.**

39.     Holland was and is related to Dr. Woodrow Myers, Jr. by marriage.

**ANSWER:  Defendant admits the allegations in Paragraph 39 of Plaintiffs' Amended Complaint.**

40.     Holland was an insured person under the AIG policy on February 7, 2016.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 40 of Plaintiffs' Amended Complaint, and therefore denies same.**

41.     Holland suffered bodily injury on February 7, 2016.

**ANSWER:  Defendant admits the allegations in Paragraph 41 of Plaintiffs' Amended Complaint.**

42.     The crash between the Noble Transport truck and the Holland vehicle constitutes an occurrence that occurred during the policy period of the AIG policy.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 42 of Plaintiffs' Amended Complaint, and therefore denies same.**

43.     Holland is entitled to underinsured motorist benefits under the AIG policy.

**ANSWER:  Defendant lacks information and knowledge sufficient to either admit or deny the allegations in Paragraph 43 of Plaintiffs' Amended Complaint, and therefore denies same.**

## AFFIRMATIVE DEFENSES

Subject to further discovery, Defendant asserts the following affirmative defenses:

1.     The Complaint fails to state a claim upon which relief can be based.

2.     Plaintiffs have failed to mitigate his damages.

3.     Plaintiffs, one or both, may have failed to exercise due care for their own safety.

4.     Plaintiffs, one or both, may have knowingly and voluntarily assumed and/or incurred the risk of injury to themselves.

5.     The sole and proximate cause of the Plaintiffs' alleged injuries were the acts and omissions of persons or entities other than the Defendants over whom the Defendants had no control and for whom they bear no responsibility.

6.     The Plaintiffs, one or both, may have received or may in the future receive compensation, payments, and/or other types of contribution for their alleged injuries and damages. Any award of damages assessed against the Defendant should be diminished or reduced by the amount of compensation received or to be received by the Plaintiffs from other sources.

7.     The fault of Plaintiffs, one or both, is greater than fifty percent (50%) of the total fault involved, and/or is greater than the fault of all persons whose fault proximately contributed to the Plaintiff's alleged damages and, therefore, Plaintiff's action against Defendant is barred pursuant to I.C. 34-51-2-6.

8.     Plaintiffs' injuries and damages, if any, were proximately caused, in full or in part, by a "non-party" or "non-parties" who have not been joined in this action, including but not limited to:

      a.     Angel Transportation, Inc., and

      b.     Kevin Bedford.

9.     Mr. Velkov was confronted with a sudden emergency not of his own making, and the reaction to that situation was reasonable under the existing circumstances.

10.     The Plaintiffs' alleged injuries and damages, if any, were the result of an Act of God such that the circumstances which give rise to any such injuries and damages, could not have been foreseen or frustrated by the Defendant.

10.     Punitive damages are not recoverable as the Defendants did not have a "quasi-criminal" state of mind or willful or wanton misconduct.

11.     Although no punitive damages can be awarded in this case, any award of punitive damages would be capped at three (3) times the amount of compensatory damages or $50,000.00, whichever is greater; with 75% of the punitive damages awarded to be deposited into crime victim's compensation fund. I.C. §§ 34-51-3-4 and 34-51-3-6.

12.     Although no punitive damages can be awarded in this case, an award for punitive damages cannot violate Article 1, Section 21 of the Indiana Constitution or the United States Constitution.

Defendant reserves the right to amend its affirmative defenses as this case progresses.

WHEREFORE, Defendant respectfully prays that Plaintiff take nothing by way of the Complaint for Damages, and for all other just and appropriate relief in the premises including costs in this action.

### **<u>DEMAND FOR JURY TRIAL</u>**

COMES NOW Defendant, by counsel, and pursuant to Trial Rule 38 requests that this cause be tried by jury.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

_____
James H. Milstone (#10460-02)
Attorney for Noble Transport LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of June, 2021, a copy of the foregoing was filed electronically.  Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system.

Ronald E. Elberger
relberger@boselaw.com

Steven D. Groth
sgroth@boselaw.com

_____

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:     317-818-1360
Facsimile:      317-818-1390

12

STATE OF INDIANA       )       IN THE MARION SUPERIOR COURT NO. 2
                      )
COUNTY OF MARION      )

| | |
|---|---|
| GARRETT HOLLAND, | ) |
| | ) |
| Plaintiff, | ) Consolidated |
| vs. | ) Case No: 49D02-1802-CT-4455 |
| | ) |
| NOBLE TRANSPORT, LLC and AIG | ) |
| PROPERTY CASUALTY COMPANY, | ) |
| | ) |
| Defendants | ) |
| ------------------------------------------------------- | |
| TRINITY BRADY, by and through her next | ) |
| Friend, JAMIE BRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NOBLE TRANSPORT, LLC | ) |
| | ) |
| Defendant | ) |

## **APPEARANCE BY ATTORNEY IN CIVIL CASE**

1. The party on whose behalf this form is being filed is:
   Initiating _____ Responding  _X_  Intervening _____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties: Name of party: <u>AIG PROPERTY CASUALTY COMPANY</u>

   Address of party (see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)

   _____

   _____

   Telephone # of party _____
   (List on a continuation page additional parties this attorney represents in this case.)

2.  Attorney information for service as required by Trial Rule 5(B)(2):

Name:      Philip F. Cuevas                    Attorney Number:  22935-46

Address:  Litchfield Cavo LLP                  Phone: (312) 781-6677

              303 West Madison St.             Fax:    (312) 781-6630

              Suite 300

              Chicago, IL 60606

Email:     cuevas@litchfieldcavo.com


**IMPORTANT:** Each attorney specified on this appearance:

(a)   certifies that the contact information listed for him/her on the Indiana Supreme Court Roll
      of Attorneys is current and accurate as of the date of this Appearance;

(b)   acknowledges that all orders, opinions, and notices from the court in this matter that are
      served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified
      by the attorney on the Roll of Attorneys regardless of the contact information listed above
      for the attorney; and

(c)   understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact
      information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal
at http://portal.courts.in.gov.

3.  This is a CT case type as defined in administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes _____ No _X__ (If yes, supply social
    security numbers for all family members on a separately attached document filed as
    confidential information on light green paper. Use Form TCM-TR3.1-4.)

5.  This case involves a protection from abuse order, a workplace violence restraining order,
    or a no – contact order. Yes _____ No _X___ (If Yes, the initiating party must provide an
    address for the purpose of legal service but that address should not be one that exposes
    the whereabouts of a petitioner.) The party shall use the following address for purposes of
    legal service:

    _____ Attorney's address

    _____ The Attorney General Confidentiality program address (contact the Attorney
              General at 1-800-321-1907 or e-mail address is confidential@atg.in.gov).

_____ Another address (provide)

_____

This case involves a petition for involuntary commitment. Yes _____ No _X____

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

   b. State of Residence of person subject to petition: _____

   c. At least one of the following pieces of identifying information:

      (i) Date of Birth _____

      (ii) Driver's License Number _____

         State where issued _____ Expiration date _____

      (iii) State ID number _____

         State where issued _____ Expiration date _____

      (iv) FBI number _____

      (v) Indiana Department of Corrections Number _____

      (vi) Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

7. There are related cases: Yes _____ No __X__ (If yes, list on continuation page.)

8. Additional information required by local rule:

_____

9. There are other party members: Yes _____ No __X__ (If yes, list on continuation page.)

10. I will accept service from other parties by fax: Yes _____ No __X__

11. This form has been served on all other parties and Certificate of Service is attached: Yes____ No _X__

                      Respectfully submitted:
                      /s Philip F. Cuevas   #22935-46
                      Attorney for Defendant
                      AIG PROPERTY CASUALTY COMPANY
                      LITCHFIELD CAVO, LLP
                      303 West Madison St., Ste 300
                      Chicago, IL 60606-3300
                      (312) 781-6677

## <u>CERTIFICATE OF SERVICE</u>

A copy of Defendant AIG Property Casualty Company's Appearance was duly served on all parties via IEFS, if Registered Users on the 14th day of July, 2021.


/s Philip F. Cuevas   #22935-46

LITCHFIELD CAVO, LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 (fax)